Buchanan *v*. Whitham.

———————•———————

## BUCHANAN *v.* WHITHAM.

| 36 | 257 |
| 145 | 44 |
| 147 | 211 |

REAL ESTATE.—*Recovery of.—Uncertain Description.—Evidence.*—In a suit to recover a part of ten acres of land off of the east side of the south-east quarter of section thirty-four in township thirty-six, north of range eleven east, in Ripley county, Indiana;

*Held*, that the plaintiff should not be permitted to introduce in evidence to show his paper title a deed conveying "ten acres off of the south east side " of the quarter section described.

SAME.—*Oral Evidence.*—Where the plaintiff in a suit to recover real estate has been permitted to give oral evidence of his possession and adverse title to the land, the same privilege should be accorded to the defendant.

APPEAL from the Ripley Circuit Court.

PETTIT, J.—This was a suit by the appellee against the appellant for the recovery of real estate, and the complaint was this :

Plaintiff says he is the owner in fee simple of ten acres of land off of the east side of the southeast quarter of section* thirty-four, in township six, north of range eleven east, in Ripley county, Indiana; that said defendant now holds possession of a part of said ten acres of land off of the west side and north end of said tract, it being about two and one-half rods wide at the north end and running to a point at the south end of said" ten acres, without right, and for two years last past has unlawfully kept the said plaintiff out of possession; wherefore he demands judgment against said

defendant for the recovery of said land, and one hundred dollars damages for being kept out of possession, and for the use of said land, and for all general relief.

There was an answer of general denial; trial by jury; verdict for the plaintiff; motion for a new trial overruled and exception, and judgment for the plaintiff on the verdict. There is no brief on file for the appellee. There are many errors assigned, but they are all waived except these:

1. The admission of certain deeds to prove the title.

2. The refusal to allow the appellant to introduce evidence to show the boundary of the land, and adverse possession for more than twenty years.

3. The giving of the second and eighth instructions of the court, all of which were objected and excepted to at the proper time.

The deeds which were introduced by the plaintiff, and which were necessary to make out a paper title to the land sued for in him, described the land as "ten acres off of the southeast side" of the quarter section, etc.

We take judicial notice that the lands in Ripley county were surveyed and laid out by act of Congress, and that their sides are east, west, north, and south, and that there can be no such description of, or in relation to, a congressional survey of them as the "southeast side" of a quarter section; and we hold that these deeds were not admissible in evidence for uncertainty, in the description not corresponding with the description given in the complaint, nor covering the same or any other grounds. No attempt had been made in this, or any other suit, to reform these deeds. These deeds do not describe ten acres off of the "east side" of a quarter section, as in the complaint, but ten acres off of the "southeast side," etc.

As to the second question. The plaintiff below, appellee here, not being satisfied with his paper title, had been allowed to give oral evidence, and did give such evidence of his possessory and adverse title to the land. The defendant offered to give the same kind of evidence of his title,

but was not allowed to do so. Upon what principle or rule we cannot see, but we hold that the refusal was error.

It is not necessary to notice the instruction either given or refused, as our rulings above will require a new state of evidence to enable the plaintiff to recover. On a new trial, the evidence will be different, and consequently different instructions must be given.

Instructions should always have a close relation to the law of the case, and the evidence as given.

The judgment is reversed, at the costs of the appellee, with instructions for further proceedings not inconsistent with this opinion.

*H. W. Harrington, J. W. Gordon,* and *J. R. Troxell,* for appellee.