No. 8129.

## Bane *v.* Ward.

PRACTICE.—*Supreme Court.*—*Assignment of Error.*—*New Trial.*—*Change of Venue.*—"The overruling of the motion to change the venue" of a cause is not a good specification of error in an assignment. To raise any question in the Supreme Court, the refusal of the trial court to grant the change must be assigned as a reason for a new trial, and overruling the motion for a new trial must be specifically assigned as error.

SAME.—*Evidence.*—*Account.*—There is no error in refusing to admit in evidence an account, the items of which are not stated in the paragraph of answer in support of which said account is offered.

SAME.—*Answer.*—*Evidence.*—*Trial.*—On trial of an action, it is competent for the plaintiff to take advantage of a defective answer by objecting to the evidence offered in support of it.

From the Huntington Circuit Court.

*B. M. Cobb,* for appellant.

*J. C. Branyan, C. W. Watkins* and *M. L. Spencer,* for appellee.

MORRIS, C.—The appellee brought this suit, against the appellant and others, upon two promissory notes, executed by the appellant and J. F. McDaniel, payable to the order of F. McGill & Co., one calling for $250 and the other for $100, both dated May 22d, 1876.

It was averred in the complaint that F. McGill & Co. con-, stituted a firm, composed of the appellant and H. Frank McGill, and that McGill had assigned his interest in said notes to the appellee. He was made a party to answer as to the assignment, and filed an answer admitting the facts stated in the complaint. The appellant and McDaniel answered jointly in four paragraphs, the fourth being a general denial.

The first paragraph of their answer states that the notes sued on were given to the plaintiff and McGill; that Bane executed them as principal and McDaniel as his surety, which was known to the parties at the time; that, on the 13th day of May, 1875, the appellee McGill, and L. Davis, under the firm name of Davis & McGill, made their note for $50; that Davis had left the State of Indiana, and was then living in Kansas and was insolvent; that said note had been assigned to the defendants Bane and McDaniel before they had notice of the assignment of McGill's interest in the note in suit to the appellee. It is averred that a copy of the note is filed with the answer, but the record contains no copy. The name of the payee of the note is not stated. The defendants offered to set off the amount of the note against any sum found due the appellee.

The second paragraph of the answer admits the making of the notes in suit, but alleges that Bane executed them as principal and McDaniel as surety. It then avers that the plaintiff and McGill had become indebted to the defendants in the sum of $71.25, which indebtedness was evidenced by a judgment for costs, in the Huntington Circuit Court, against the plaintiff, McGill and one L. Davis, which claim

was sold and transferred by the proper parties to the de-fendants; that, during the month of March, Davis con-tracted with the plaintiff and McGill that he would quit-claim his interest in certain real estate to them, and in con-sideration therefor they agreed to assume and pay, among other claims, this claim of defendants; that said Davis did, on the 6th day of June, 1876, convey to them said real es-tate; that the appellee and said McGill accepted the con-veyance on the terms stated; that Davis is a non-resident of the State, and has no property in the State subject to ex-ecution; that said contract was made before the defendants had notice of the assignment of the interest of McGill in the notes sued on to the plaintiff. The defendants offered to set off said sum against the claim of the plaintiff.

The third paragraph admits the execution of the notes sued on, but avers that, before McGill assigned his interest in them to the plaintiff, they, the plaintiff and McGill, be-came indebted to the appellant and McDaniel, for costs, in the sum of $17, in a suit in which they joined with them L. Davis; that Bane was the principal and McDaniel his surety on said notes. This sum they offered to set off against the plaintiff's demand. It is not stated in this paragraph who were the parties to the suit in which said costs accrued, nor how they accrued, nor what, if any, services the defendants rendered in said suit.

The appellant, Bane, then filed his affidavit for a change of venue, on the alleged ground that he could not have a fair trial for the reason that the inhabitants of Huntington county were biased and prejudiced against him and his de-fence. This motion was overruled by the court. The death of McDaniel was suggested, and the cause proceeded against Bane. The appellee replied to the answer by a general de-nial. The cause was submitted to the court for trial. The court found for the appellee.

The appellant moved the court for a new trial on the grounds:

1st. That the finding was contrary to law.

2d. That it was contrary to the evidence.

3d. Because the court refused to allow the appellant to read in evidence papers and writings offered by him during the trial. The motion was overruled and judgment rendered for the appellee.

The errors assigned are:

1st. The overruling of the motion to change the venue.

2d. The overruling of the motion for a new trial.

The refusal of the court to grant the change of venue is not one of the grounds upon which a new trial was asked. The refusal of the court to change the venue is not, therefore, properly presented for decision by this court. *Horton* v. *Wilson*, 25 Ind. 316.

The appellant offered in evidence at the proper time the following account and the assignment of the same:

"Owen Ward, Frank McGill and Lawrence Davis, to James C. Branyan and Charles W. Watkins, Dr.

"To attorneys' fees in case of Owen Ward, Frank McGill and Lawrence Davis *v.* William J. Bane, in the Huntington Circuit Court, twenty-five dollars.

"BRANYAN & WATKINS."

"For value received we hereby assign the above and within account to William J. Bane.

"BRANYAN & WATKINS."

The appellant proved that the account was just, and that it had been duly assigned to appellant, and then offered the same in evidence. The appellee objected and the court sustained the objection. There was no error in this. No copy of the account, or statement of the items composing it, was filed with, or mentioned in, any paragraph of the answer.

The appellant also offered in evidence at the proper time a note dated May 13th, 1875, due at fifteen days, for fifty

dollars, executed by L. Davis and McGill and payable to the order of Mary J. McDaniel, having first proved that the same had been verbally assigned to the appellant and McDaniel by the payee. The appellee objected to its introduction in evidence, and the court sustained the objection. There was no copy of the note filed with the answer. It is stated in the first paragraph of the answer that a note for fifty dollars, made by Davis and McGill, had been assigned to the defendants Bane and McDaniel, and that a copy of the note is filed with the answer. But there is no copy in the record, nor does the paragraph of the answer contain facts sufficient to constitute a defence or set-off to any part of the cause of action. It was competent for the appellee to take advantage of the defective answer by objecting to the evidence offered in support of it.

The court did not err in refusing to admit the note in evidence.

The appellant also offered in evidence the following written statement:

"Owen Ward, Frank McGill and Lawrence Davis *v.* William J. Bane and John F. McDaniel. October, 1878. Huntington Circuit Court. This cause is dismissed, at plaintiffs' costs, (which costs amount to the sum of seventeen dollars and fifty-five cents)."

To the introduction of this writing the appellee objected, and the court sustained the objection. There was no error in this. The instrument offered in evidence was not authenticated; who made it does not appear. Had it been properly authenticated, and otherwise competent, it would have been objectionable, for the reason that it would not have tended to prove any part of the defence.

Another writing, similar in form to the above, was offered in evidence, and properly ruled out by the court as incompetent and irrelevant.

There is no available error in the record.

Per Curiam.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.