Langohr *v.* Smith *et al.*

---

No. 8286.

## LANGOHR *v.* SMITH ET AL.

CITIES.—*Street Assessment.— Sale Under Precept.—Misdescription.—Mistake.— Action to Quiet Title.—Evidence.—*Under the statute, R. S. 1881, sec. 3165, a city clerk has no authority to issue a precept for the collection of an assessment for street improvement without an order of the council, and a sale under it is absolutely void; and in a suit by a purchaser under a precept against lot 20, to quiet his title, a record of the council proceedings, showing a precept ordered against lot 52, is not admissible, nor is parol evidence admissible, showing that the council intended to order the precept against lot 20.

SAME.—*Deed.— Recitals.—*Where the evidence *aliunde* shows recitals in a

deed executed pursuant to a sale under a precept for the collection of an assessment for street improvements to be false, the recitals can not be deemed to be true.

EVIDENCE.—*Bill of Exceptions.*—In order to present a question to the Supreme Court concerning the refusal to admit documentary evidence, the documents rejected must appear in the record by bill of exceptions.

TAXES.—*Tax Title.*—*Lien.*—*Auditor's Deed.*—*Action to Quiet Title.*—*Harmless Error.*—Where a suit to quiet title is founded upon a purchase of lands for taxes, and there is no evidence of such proceedings as authorize a conveyance, there is no available error in refusing to admit the auditor's deed in evidence, where the judgment rendered gives the plaintiff a lien for the taxes paid by him.

NEW TRIAL.—*Practice.*—*Damages.*—The Supreme Court can not consider any question as to the inadequacy of damages given, unless it has been assigned as cause for a new trial.

DEED.—*Description.*—*Evidence.*—Proof in explanation, that the words in a deed "north part of" a lot meant the "north half" of it, is inadmissible, where it is not shown that the words have a peculiar or technical meaning.

From the Allen Circuit Court.

*A. Zollars* and *F. T. Zollars*, for appellant.

*S. F. Swayne* and *P. V. Hoffman*, for appellees.

ELLIOTT, J.—Appellant, in the first paragraph of his complaint, claims title to lot 20 in Brackenridge's addition to the city of Fort Wayne, by virtue of a deed executed to him by the city treasurer upon a sale on a precept issued for the collection of an assessment for a street improvement.

On the trial, appellant introduced in evidence various proceedings of the common council, and offered the following extract from the corporate record : "The clerk submitted the affidavit of John M. Langohr for grading and gravelling alley between McClellan street and Ewing street, from Lewis street to George street, and praying that a precept be issued against lot No. 52, Brackenridge's addition, owned by Frederick Hilgeman, for the sum of $5.52, which affidavit was received and ordered placed on file, and the clerk ordered to issue precept prayed for." Appellees objected to the introduction of the evidence on the ground that the order to issue a precept was directed against lot 52, and not against lot 20, and the objec-

tion was sustained. The ruling was right. The order was directed against property not claimed by the appellant, and could not be used to support title to that claimed by him. Evidence that a precept was ordered against lot 52 was no evidence of any right in the claimant to lot 20.

The court was not bound to examine other proceedings in order to ascertain whether a mistake had been made in describing the lot. The face of the order exhibited no mistake, nor was there any apparent ambiguity, and the court had no right to resort to other parts of the record to discover whether the order was in fact directed against lot 20, instead of lot 52, as the order itself declared. We are not dealing with the case of one seeking by a direct proceeding to have a record corrected, but with a case in which a claimant of real estate is endeavoring to show that an order which, in plain terms, describes lot 52, really meant lot 20. We must, in such an action as the present, take the order as we find it, and not as it may be supposed by counsel to have been intended to read.

Appellant offered to introduce oral evidence to prove that the clerk by mistake used the figures 52 instead of the figures 20, in the order for the precept. There was no error in excluding this evidence. There are cases holding that where corporate proceedings are actually had and no record made, parol evidence may be given. This rule, however, does not go to the extent claimed by the appellant. Where a record is made, that is the best evidence, and must be adduced. It is clear that the evidence was not competent.

The mistake of the clerk can not be corrected upon the trial of an action to quiet title. The common council, so far as appears of record, ordered a precept against lot 52, and this order can not be set aside or corrected upon evidence that the clerk made a mistake in reporting the affidavit. The judgment of the council was based upon the report, and as their order went against lot 52, that order must stand until, by a direct proceeding, the proper correction is made. It has been

held in several cases that the proper procedure is to commence back of the error and proceed anew from that point forth, and we regard this case as fully within the principle established by our cases.

In discussing the question whether it was necessary for appellant to show an order of the common council directing the precept to issue, counsel liken the case to that of one claiming title through a sheriff's sale. Counsel are in error in assuming that the cases are analogous. The proceedings in street assessments are wholly *ex parte.* The corporate authorities exercise a naked statutory power. The proceedings are in the nature of assessments for taxation. It is a familiar principle, that, in such cases, there must be a strict compliance with the statute. Where one claims title, it devolves upon him to show the existence of the authority, and its due exercise. He can not invoke the aid of the presumption in favor of official conduct. If he would secure title to the property of the adjoining proprietor, he must prove that the officers have obeyed the requirements of the statute; he can not ask the courts to presume that they have done so.

The city clerk is a ministerial officer, and has no authority to issue precepts, unless directed by the common council. The power to order precepts is lodged with that body, and a precept not ordered by it is invalid. Without an order from the common council, no valid precept can issue, and without a valid precept, no sale can be made.

It is argued that the failure to order a precept rendered the sale merely voidable, and that the property-owner's remedy is by appeal. Counsel forget that they are seeking not to collect the assessment, but to secure title. The question is not whether the appellees can escape the payment of the assessment, but whether the appellant can acquire their property. If the question were as to whether the appellees could successfully resist the collection of the assessment, not having pursued the remedy provided, there would be much force in the argument. No such question, however, is presented.

It will not do to rest such a case as this upon the principle which prevails where a clerk irregularly issues an execution. The distinction between the two classes of cases is obvious. The city clerk has no authority whatever to issue a precept without an order of the common council; the county clerk needs no order of court, he may issue upon the request of the judgment plaintiff. Proceedings in street assessments are not ordinary adversary proceedings; they stand on an altogether different footing, and are governed by radically different rules. If one were searching for analogies, he would go to cases treating of taxation and tax titles, rather than to those regarding executions and execution sales.

It is maintained that the deed is *prima facie* evidence of the recitals contained in it, and that the recital that the council ordered the precept to issue entitled appellant to recover. We need not, and do not, decide how far the recitals of such a deed are evidence, for the reason that the evidence clearly shows that no precept was ever ordered to issue against the real estate in controversy. Conceding to the deed the full force claimed for it, the evidence disproves the truth of its recital as to the order of the common council.

The second paragraph of the appellant's complaint claims title to the property by virtue of a tax sale.

The court, as the record recites, refused to admit certain documentary evidence offered by the appellant, but the documents are not set forth in the bill of exceptions. We are unable to determine the character of the excluded evidence, for the reason that it is not exhibited by the record. Documentary evidence offered and excluded should be set out, so that it may be inspected, and its competency or incompetency ascertained. *Vanderkarr* v. *The State*, 51 Ind. 91; *The Indianapolis, etc., R. R. Co.* v. *Irish*, 40 Ind. 277.

The appellant offered in evidence the deed executed to him by the auditor, but the court refused to receive it. We think there was no available error in this ruling. The deed alone would not have entitled him to a recovery, for without evi-

dence that proceedings were had warranting its execution, it would not create title. The court adjudged a lien in appellant's favor for the taxes paid by him, and the deed could not possibly have secured him greater relief if it had gone in evidence, and its exclusion, therefore, did him no injury.

Whether the sum assessed in appellant's favor was or was not sufficient, is a question we can not consider, for the reason that error in the assessment of damages is not assigned as a cause for a new trial. It is settled that no question as to the assessment of damages, or of the amount of recovery, can be considered on appeal, unless assigned as one of the grounds on which a new trial is asked.

There was no error in refusing to permit the appellant to prove that the words "the north part of" meant the "north half" of a lot. The words "north part" are not terms of art or mystery, and it was not shown that they had any peculiar or technical meaning.

Judgment affirmed.