No. 9091.

## MOORE v. BUTLER UNIVERSITY.

DEED.—*Delivery to Agent.*—*Consideration.*—*Notice.*—Where A. signs a deed which states the consideration to be $14,000, and hands the same to his agent to be by him delivered to B. upon his agreement to perform certain things, and such agent delivers such deed to B., the grantee, who has no notice of such conditions, upon the grantee agreeing to perform a portion of the things named, which is done, A. can not thereafter recover from B. the consideration named in the deed.

SAME.—*Principal and Agent.*—*Contract.*—*Ratification.*—If a principal adopts a contract made by an agent, he must accept the consideration agreed upon, and a suit for the consideration named in a deed is an affirmance of the contract, and when the contract is affirmed the consideration agreed upon can not be rejected and a different one recovered.

From the Superior Court of Marion County.

Moore *v.* Butler University.

*B. Harrison, C. C. Hines* and *W. H. H. Miller*, for appellant.

*J. M. Judah*, for appellee.

BEST, C.—This action was brought by the appellant against the appellee to recover fourteen thousand dollars alleged to be due for a certain tract of land sold and conveyed by the former to the latter.

Issues were formed, a trial had, and, over a motion for a new trial, judgment was rendered for the appellee.

The motion for a new trial was made because the finding, as alleged, was contrary to the law and the evidence. The refusal of the court to sustain this motion raises the only question in the record. The correctness of this ruling depends upon the evidence, which consisted of an agreed statement of facts, a summary of which was made by the court below in delivering its opinion at general term, and this statement we adopt. It is as follows:

" In July, 1873, Moore signed and acknowledged a deed, complete in all its formal parts, wherein the defendant was designated as grantee, and certain real estate described. The deed recites the consideration to be fourteen thousand dollars, but contains no acknowledgment of payment. The instrument, after its signing and acknowledgment, was placed in the hands of Jacob B. Julian. At and before the time the deed was placed in Julian's hands, the University was located at Indianapolis, but contemplated removing to Irvington. Citizens of Irvington, desirous of securing the removal of the University, exerted themselves to procure subscriptions and donations in property. Among those so engaged was the said Julian. The deed was placed in Julian's hands to be delivered to the University as a part of the donation to induce such removal, upon these conditions: That the University was to accept the donation of twenty-five acres of land offered by one Collett, for a campus, take possession of the same, and agree in writing to commence work during the

fall of 1873 and to erect within three years from October, 1873, three large brick buildings.

" The agreement between Moore and Julian, when the latter received the deed, was, that it should be returned unless the University complied with the conditions stated.

" Julian and others, as representatives of many citizens, had been negotiating with the officers of the University as to the terms upon which a removal would be made, and during the negotiation claimed to represent all the donors. Julian and his associates had possession of notes, mortgages and deeds, including that of plaintiff, which they proposed to deliver to the University when satisfactory terms should be agreed upon. The corporation acted in good faith, believing Julian and his associates to be the duly authorized agents of these donors, and had no actual notice of any limitation upon Julian's authority to deliver the deed. Terms were agreed upon and the University removed to Irvington, its officers in all things performing the stipulations and conditions of the agreement with Julian and his associates. The University did not agree in writing to build three large brick buildings within three years, nor were such buildings erected. At the time of the agreement with Julian, all the notes, mortgages and deeds in the hands of himself and those engaged with him were delivered to and accepted by the University, the latter acting in good faith and believing that those claiming to represent the donors had full authority to make the delivery. Possession of the land was subsequently taken by the University; ten acres conveyed to one Hopkins—the ownership of the remaining four acres retained by the corporation."

It was also agreed that, since the conveyance by the appellee to Hopkins, he had brought an action against the appellant, and that in said action " it was adjudicated against said Moore that he had conveyed and warranted said lands to the said University by his said deed."

The appellant earnestly insists, that as Julian was only

authorized to deliver the deed upon certain conditions, he was a special agent; and as he delivered the deed without a compliance with such conditions, such delivery does not bind him; that, under such circumstances, he has the right either to reclaim the land or to maintain an action for its price. The appellee, on the other hand, claims that the facts agreed upon show that Julian was a general agent in this transaction, and that appellant is bound by the delivery.

The view that we take of the case renders it unnecessary for us to determine this question. The appellant alleged in his complaint that he had conveyed the land to the appellee, and sues for the price of the land; and the only evidence in support of the claim was the consideration named in the deed. The suit is an affirmance of the conveyance made. It proceeds upon the theory that the deed has been duly delivered, and that the appellee owes the purchase-money. Under these circumstances, it is wholly immaterial whether Julian had or had not authority to deliver the deed, as the averments of the complaint and the nature of the action affirm and ratify the act of Julian in delivering the deed. Authorities need not be cited in support of the proposition that the ratification of an agent's act binds the principal precisely as though the agent had been fully authorized to perform the act.

The deed must then be regarded as duly delivered, and the question arises whether the appellant can recover the consideration named in the deed. The evidence shows that the consideration mentioned in the deed was not the true consideration. This may be done. *Stearns* v. *Dubois*, 55 Ind. 257; *Headrick* v. *Wisehart*, 57 Ind. 129.

The evidence further shows that the actual consideration for said conveyance was the removal of the University from Indianapolis to Irvington, and that the removal has been made in accordance with the terms of the agreement; in other words, that the consideration agreed upon has been paid. This consideration was not agreed upon by the appellant, but was by Julian, and the question arises whether the appellant is

bound by it. We think that he is bound. As before stated, the complaint not only avers a conveyance to the appellee, but the suit is itself an adoption of the act of Julian in delivering the deed, and the appellant can not adopt a contract made by his agent and claim it as his own without being bound by its terms. He can not adopt the sale, sue for the price, and reject the terms of payment. He is bound by the contract precisely as Julian would be bound were he principal, and is bound precisely as though he himself had made the contract as Julian made it. In such case, of course, the appellant would be bound. This court, in *Johnson* v. *Hoover*, 72 Ind. 395, upon a similar question, said: "There can be no doubt that, if Ballard and Hobbs were the factors or agents of the appellees in the sale of the goods, they" (the appellees) "had a right to claim the contract as their own, and bring any suit which Ballard and Hobbs could have maintained if they had made the sale for themselves. * But it is equally true that, in appropriating the contract of sale as their own, the appellees were bound to take it as a whole, and as their agents made it. They could not accept the naked sale and sue for the value, rejecting the special consideration and mode of payment, which were stipulated for. In other words, since, by bringing the suit, they recognized the sale as made by their agents, they can have, under the contract, only such remedies as Ballard and Hobbs, with whom the defendant dealt as principals, could have had, if they had, in fact, been the principals."

The above rule of law is as applicable to contracts for the conveyance of real property as to contracts for the sale of personal property, and the fact that the purchaser may or may not know that he is dealing with an agent in no manner affects it. If the contract is adopted at all, it must be adopted as a whole, and the appellant can not proceed for the price without an adoption of the entire contract. If a person, whose lands have been conveyed by the unauthorized delivery of his deed, may repudiate such conveyance and maintain an action for the value of them, a question we do not decide, this is not

:such action, but is an action to recover the price named in the
·conveyance. This price can not be recovered without an
:adoption of the contract upon which the conveyance was
made, and when the contract is adopted the appellant is bound
·by the contract as made. The only evidence of the appellee's
liability in this case was the recital of the consideration in the
·deed ; but as the evidence shows that the consideration recited
was not the consideration agreed upon, it follows that the ap-
pellant was not entitled to recover. For these reasons, we
think, the court properly overruled the motion for a new trial,
:and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing
·opinion, that the judgment be and it is hereby in all things
:affirmed, at the appellant's costs.