Shoemaker v. McMonigle.

---

No. 9623.

## SHOEMAKER v. McMONIGLE.

DEED.—*Description.*—*Real Estate.*—*"Part of" Not Words of Certainty.*—A de-scription: "The southeast part of the southeast fourth of the northeast quarter of section 36, township 4 south, and range 2 east, containing thirty-two acres," is insufficient, being indefinite and uncertain.

From the Harrison Circuit Court.

| 86 | 421 |
| 145 | 44 |
| 147 | 211 |
| 147 | 680 |
| 86 | 421 |
| 166 | 572 |

*S. J. Wright, W. T. Zenor* and *N. R. Peckinpaugh,* for appellant.

*B. P. Douglass* and *S. M. Stockslager,* for appellee.

FRANKLIN, C.—Appellant sued appellee for the possession of a certain tract of land. The complaint is in two paragraphs. The first is in the usual form, containing a defective description of the land. The second is in the same form, containing a sufficient description of the land by metes and bounds. The defendant answered by a general denial. There was a trial by jury, and, under an instruction by the court to return a verdict for the defendant, a verdict was returned accordingly; and, over a motion for a new trial, judgment was rendered for the defendant for costs.

The error assigned in this court is the overruling of the motion for a new trial. A number of reasons are stated in the motion, which are based upon the refusal to admit certain evidence. The plaintiff's claim of title was based upon a deed from the auditor of the county for the forfeiture, by the non-payment of the principal and interest, of a mortgage executed by the defendant to the State of Indiana upon said land, to secure a loan from the school fund. The lands claimed are described in plaintiff's deed and the mortgage to the State as follows: "The southeast part of the southeast fourth of the northeast quarter of section 36, township 4 south, and range 2 east, containing thirty-two acres."

The court below held this to be an insufficient description of the land, and that no title was thereby conveyed to the plaintiff; and the court refused to admit in evidence the deed, mortgage record, and other papers therewith connected, on account of the defective description of the land, and these are the alleged errors complained of. The question is, does the description, the southeast part, containing thirty-two acres, of a certain forty-acre tract of land, sufficiently designate the land intended to be conveyed? or, from this description,

Shoemaker *v.* McMonigle.

could a surveyor find and fix the boundary line between that part of the forty acres so described and the remainder thereof?

In the case of *Major* v. *Brush*, 7 Ind. 232, it was held that a tax deed for "seventy-six acres of land, being a part of the southeast quarter of," etc., contained a sufficient description of the land, for the reason that the statute in force at the time of the sale provided that, when less than the whole of a tract is sold for taxes, the quantity sold shall be laid off in a square form, in the northwest corner of the tract. Had there been no such statute in force, this description would have been clearly bad. *White* v. *Hyatt*, 40 Ind. 385.

In the case of *Buchanan* v. *Whitham*, 36 Ind. 257, where an action was brought to recover a part of ten acres of land off of the east side of the southeast quarter, etc., it was held that the plaintiff should not be permitted to introduce in evidence, to show his paper title, a deed conveying "ten acres off of the southeast side" of the quarter section described. See, also, the case of *Langohr* v. *Smith*, 81 Ind. 495. The deed and mortgage in controversy describe the land as "the southeast part of," etc., containing thirty-two acres. This description does not fix the boundaries or shape of the land intended to be conveyed. From it a surveyor could not determine whether its form should be in a square, parallelogram, or some other irregular shape. No effort appears to have been made for subrogation, reformation of the mortgage, and foreclosure as reformed.

We think the description of the land as contained in the deed and mortgage is too indefinite and uncertain to allow them to be given in evidence to support the plaintiff's title in an action for the possession of the land. The other questions are all dependent upon the foregoing, and it is unnecessary to further consider them. There was no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.