No. 9249.

SHIMER *v.* BUTLER UNIVERSITY.

BILL OF EXCEPTIONS.—*Evidence.*—*Omitted Items.*—*Practice.*—*Supreme Court.*—Where the transcript of a bill of exceptions does not contain copies of items of written evidence, which the bill shows were read, the Supreme Court will regard the blanks as showing omissions of evidence necessary to enable it to determine whether the evidence itself, as a whole, was sufficient, and, in such case, although the bill of exceptions contains the statement that "this was all the evidence given in the cause," it will be regarded as imperfect, and the judgment will not be reversed upon any question depending for its proper decision upon the sufficiency of the evidence.

From the Superior Court of Marion county.

*L. Ritter* and *E. F. Ritter*, for appellant.
*J. M. Judah* and *A. S. Caldwell*, for appellee.

BICKNELL, C. C.—This was an action by the appellant against the appellee to recover $2,000, that being the price alleged to have been received by the appellee upon the sale of certain lands. The lands had been conveyed by the appellant to the appellee as a conditional donation, and the appellant claimed that the condition had not been performed. The case, in all its essential features, is nearly identical with the case of *Moore* v. *Butler University*, 83 Ind. 376, and grows out of the same general transaction, to wit, the removal of the university to Irvington, and the donations made to secure such removal.

A trial by jury, before the superior court in special term, resulted in a verdict and judgment for the defendant. The plaintiff moved for a new trial, alleging that the verdict was not sustained by the evidence and was contrary to law. This motion being overruled, the plaintiff appealed to the superior court in general term, assigning as error there that the court in special term erred in overruling his motion for a new trial. The superior court in general term affirmed the judgment of the court in special term, and from this judgment the plaintiff appealed to this court, assigning as error here that the superior court in general term affirmed the judgment of the court in special term. The only matter discussed in the appellant's brief is, that the verdict was not sustained by the evidence. The appellee claims that the evidence is not before the court, and that therefore the question discussed by the appellant can not be determined.

The bill of exceptions shows the following: C. E. Hollenbeck being a witness under examination, the following was his testimony as to the matter now under consideration:

"Question. What is that paper you hold in your hand? Answer. That is the identical paper that was read.

"Question. Just read it to the jury. The witness did

so." Then follows a blank space where the writing ought to be, but it is not there, and it is not shown to appear anywhere else in said bill of exceptions, nor identified in any way. Again, during the examination of the same witness the following appears in the bill of exceptions:

"Question. What paper is that? (handing him a paper.) Answer. That is the original paper written by Judge Julian, and offered as an amendment to that resolution offered by Mr. Butler. It is endorsed by me, as secretary, to that effect. Paper read to the jury." Then follows a blank where this writing ought to be, but it is not there, and it is not shown to appear elsewhere in the bill of exceptions, nor identified in any way.

It has been decided a great many times that, although the bill of exceptions contains the statement, as the bill in this case does, that "this was all the evidence given in the cause," yet the bill will be imperfect if it show affirmatively that other evidence was given not set forth in the bill, and that this court, in such a case, will not reverse the judgment upon any question depending for its proper decision upon the sufficiency of the evidence. *Morris* v. *Stern*, 80 Ind. 227; *Clay* v. *Clark*, 76 Ind. 161; *Eigenman* v. *Rockport, etc., Ass'n,* 79 Ind. 41; *French* v. *State, ex rel.,* 81 Ind. 151; *Langohr* v. *Smith,* 81 Ind. 495. Where the question depends upon the evidence the record must contain the evidence; but where the question does not depend upon the entire evidence, as where the court admits improper evidence or excludes a competent witness, the question can be determined without the entire evidence. *Shorb* v. *Kinzie*, 80 Ind. 500; *Johnson* v. *Wiley,* 74 Ind. 233; *Wells* v. *Wells,* 71 Ind. 509; *Sutherland* v. *Hankins,* 56 Ind. 343. We can not determine whether the evidence given in this case was sufficient or not, and therefore the judgment must be affirmed; but, even if the bill of exceptions could be regarded as perfect, all the material questions presented thereby are settled by the case of *Moore* v.

*Butler University, supra,* and the judgment could not be set aside.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.