L'Hommedieu *et al. v.* Cincinnati, Wabash and Michigan R'y Co. *et al.*

No. 11,859.

L'HOMMEDIEU ET AL. *v.* CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY ET AL.

SUPREME COURT.—*Bill of Exceptions.*—*Certificate of Official Reporter.*—Where a bill of exceptions is complete and technically correct without the certificate of the person professing to have acted as official reporter at the trial, there being nothing elsewhere in the record to indicate his official character, the certificate will not be accepted as a verity to set aside the bill of exceptions.

SAME.—*Testimony.*—*Manner of Objection for Appeal.*—*General Objection Insufficient.*—That an objection to offered testimony may be considered in the Supreme Court, it must recite with particularity wherein the testimony is objectionable, a general objection that the testimony is irrelevant, incompetent and immaterial being insufficient.

DECEDENTS' ESTATES.—*Administrator's Sale.*—*Action to Set Aside.*—*Limitation of Action.*—Where heirs seek to set aside a sale of real estate by an administrator to pay debts, under an order of a court having no jurisdiction, a right of action accrues from the time of the taking possession of the purchasers under the certificate of purchase, the statute of limitations beginning to run at the same time, and not when the sale was confirmed, it being a void sale.

SAME.—*Partition.*—*Estoppel.*—Where a complaint in a partition proceeding alleges that the decedent died intestate, leaving as his only heirs his widow and two children ; that the administrator sold the estate by order of court to pay debts; that the defendants were the owners of the real estate as purchasers at the administrator's sale, subject to the rights of the plaintiff and the children, the plaintiff's interest being an undivided one-third during the natural life of the widow, these allegations put in issue the validity of the administrator's sale, and the title acquired through it; and the court having decreed partition, and the children having been adjudged to be the owners of the remainder of the widow's life estate, they are estopped from bringing an action to recover the land.

From the Madison Circuit Court.

*H. D. Thompson, T. B. Orr, M. S. Robinson* and *J. W. Lovett*, for appellants.

*C. L. Henry* and *H. C. Ryan*, for appellees.

L'Hommedieu *et al. v.* Cincinnati, Wabash and Michigan R'y Co. *et al.*

BERKSHIRE, J.—The appellants, who were the plaintiffs in the court below, filed their complaint in three paragraphs. The first and second were for the recovery of the possession of real property, and the third a paragraph to quiet title to the same real estate.

One of the appellees filed a disclaimer, another filed an answer in two paragraphs, and all the rest pleaded the general denial only.

There was a trial by the court and a finding and judgment for the appellees.

The only error assigned is the overruling of the motion for a new trial.

The appellees file a third brief, which is of recent date, when we compare the date at which it was filed with the dates at which other briefs were filed. In this brief the point is made that the evidence is not in the record, and therefore the questions which would otherwise be presented are not before us for consideration.

This objection is purely technical, and coming as late as it does ought not to be regarded with very much favor; but, at the same time, if we felt that the objection was well taken, we would not be at liberty to disregard it.

The bill of exceptions, however, is complete and technically correct without the certificate of the person who professes to have acted as official reporter at the trial, and there being nothing elsewhere in the record to indicate his official character, we are not inclined to accept the certificate as a verity and set aside the bill of exceptions. This conclusion is not in conflict with the ruling in *Lyon* v. *Davis*, 111 Ind. 384, and other cases cited; but, if so, it agrees with the later case of *McCormick, etc., Co.* v. *Gray*, 114 Ind. 340, which modifies the former case.

There are several reasons assigned in the motion for a new trial. All of them, from four to fifteen, inclusive, relate to the admission of testimony over the objections of the appellants.

L'Hommedieu *et al. v.* Cincinnati, Wabash and Michigan R'y Co. *et al.*

The practice has been long and well settled in this State (the cases so often collected and cited that we do not feel called on to cite them in this opinion) that to entitle an objection to offered testimony to consideration in this court, it must recite with particularity the reasons which indicate that the testimony is not competent, and that a general objection, such as the testimony is irrelevant, immaterial and incompetent, is unavailing. As the reasons in the motion for a new trial, to which we have called attention, all depend on the one general reason, viz., the testimony is irrelevant, immaterial and incompetent, we must disregard them.

There are several important questions presented by the remaining reasons assigned, but as our conclusion as to two of these questions will dispose of the case, and must affirm the judgment, we do not know of any good purpose to be subserved by considering and passing upon others.

It is disclosed by the record that Michael Ryan died in Butler county, Ohio, October 23d, 1861, seized in fee simple of the real estate, the title to which is in controversy in this action. He died intestate, and left as his heirs at law Mary S. Ryan, his widow and second wife, and by whom he had no children, and two children by his first wife, the appellants in this action.

On the 28th day of October, in the year of his death, Thomas Moore and Mary S. Ryan, the widow, were, by the probate court of said Butler county, granted letters of administration on his estate.

At the May term, 1862, of the common pleas court within and for the county of Madison and State of Indiana, that being the county wherein is situated the said real estate, the said Moore, as administrator, filed his petition and obtained an order for the sale of the said real estate for the payment of debts. After obtaining the order, he laid out and platted the said real estate as Moore's addition to the town of Anderson, whether with or without the approval of the court is not important to our conclusion.

After the said real estate had been platted and laid out into lots and streets and alleys, he sold the same to different persons, and reported the sales to the court; the court approved what he had done; the sales were confirmed and deeds made and approved. The sales that were made not only included the lots proper, but also the streets and alleys, for in this state the purchaser of a town lot acquires title to the center of the streets and alleys on which it borders, burdened with the easement. The sale was made on the 27th day of June, 1862, and the purchasers on that day took possession of the said tracts, or parcels, purchased by them respectively, and the sales so made were confirmed, and deeds made and approved at the January term, 1863, of said court. At the time of the proceedings and sale in question, section 211, p. 158, 2 G. & H., was in force. Clauses four and five of this section read as follows:

"*Fourth.* For the recovery of real property sold by executors, administrators, guardians or commissioners of a court, upon a judgment specially directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming title under a party, acquired after the date of the judgment—within five years after the sale is confirmed.

"*Fifth.* Upon contracts in writing, judgments of a court of record, and for the recovery of the possession of real estate—within twenty years."

We do not care at this time to determine whether the case, as presented, is within the fourth clause of the section or not, as we have come to the conclusion that it is within the fifth clause and was thereby barred at the time of the commencement of this action, which was on November 23d, 1882.

If the court of common pleas had no jurisdiction over the subject-matter of the petition of Moore, as administrator, to sell the real estate, then the proceedings were void, and it is conceded that no such jurisdiction existed. The proceedings being void, the title and right to the possession of

MAY TERM, 1889.    439

L'Hommedieu et al. v. Cincinnati, Wabash and Michigan R'y Co. et al.

the real estate were in the appellants at all times after the death of their father, and when the purchasers at the administrator's sale went into possession, their possession was wrongful, and the appellants had then and there a right of action against them for the possession. They had no greater or better right of action after the sale had been confirmed by the court and the deeds made than they had before. The purchasers went into possession under claim of right by virtue of their certificates, which was hostile and adverse to the appellants, and they followed up this claim by afterwards procuring color of title, if the certificates did not give them such color. It was not necessary, however, for the appellees, and those under whom they claim, to have color of title during the period of limitation, to give to them the benefit of the statute; but sufficient that the character of their occupancy was such that during a period of twenty years anterior to the bringing of this action the appellants had a right of action. *Vanduyn* v. *Hepner*, 45 Ind. 589; *State* v. *Portsmouth Savings Bank*, 106 Ind. 435, 461; *Roots* v. *Beck*, 109 Ind. 472.

The widow inherited an undivided one-third of the real estate in question, during her natural life, from Michael Ryan, her husband; the appellants inherited the fee simple, including the remainder over covered by the widow's life estate. After the real estate was platted by the administrator Moore, as an addition to the town of Anderson, and probably after the administrator's sale of the two-thirds which descended to the appellants unincumbered by the widow's life estate, she conveyed her life estate to George Holland, except as to two of the lots which she had theretofore conveyed to Joseph Deboy. Holland conveyed the interest which he had acquired from the widow to John T. Hayden, and, in the year 1872, Hayden brought an action in partition against all parties who claimed an interest in the real estate, including the appellants, and during the pendency of the said partition proceedings the appellants appeared thereto and filed excep-

tions to the first report made by the commissioners appointed to separate and part the real estate, and the court having sustained said exceptions, and the commissioners having made partition anew and reported the same to the court, the appellants appeared further and filed exceptions, which were by the court overruled, and thereupon they filed a bill of exceptions. The last report of the commissioners having been confirmed by the court, judgment was rendered making firm and effectual the partition as made by the commissioners, and as to that part of the real estate reported not susceptible of division, it was ordered sold, and a commissioner appointed to make the sale, and the sale having been made and reported to the court the same was approved, deeds made and approved to the respective purchasers, and the proceeds of the sale distributed. The appellants having been adjudged to be the owners of the remainder, covered by the widow's life estate, they received their distributive share of the proceed of the sale as determined by the court.

It is contended by the appellants that the title of the appellants to the undivided two-thirds of the real estate not covered by the widow's life estate, and for which they are now contending, was not put in issue, and was not involved in the action in partition, and that the judgment in that case does not work an estoppel in this action. We are of a different opinion. It was alleged by Hayden, in his complaint, that Michael Ryan died in the year 1861, the owner of the said real estate, and intestate, leaving as his only heirs his widow, Mary S. Ryan, who was a second wife, and two children by a former marriage (the appellants); that one Moore, as his administrator, sold the said real estate by order of the Madison Circuit Court, after having platted the same as an addition to the town of Anderson, for the payment of debts, and that the defendants to the action (except the appellants) were the owners of the said real estate in fee simple as purchasers at the administrator's sale, or as grantees

L'Hommedieu *et al. v.* Cincinnati, Wabash and Michigan R'y Co. *et al.*

from such purchasers subject to the rights of the plaintiffs and the said children, naming them (the appellants), and it was alleged that the plaintiff's interest was that of an undivided one-third during the natural life of the said widow, Mary S. Ryan. These allegations put the question as to the validity of the administrator's sale squarely in issue, as well as the title acquired through that sale. The complaint alleged a tenancy in common and gave the source of title.

The source of title alleged as to all of the defendants, except the appellants, being the administrator's sale, and the court having found and adjudged the title as alleged, the validity of the sale was necessarily involved and determined. We are referred to the following cases in this court: *Miller* v. *Noble,* 86 Ind. 527; *Utterback* v. *Terhune,* 75 Ind. 363; *Avery* v. *Akins,* 74 Ind. 283; and see *Fleenor* v. *Driskill,* 97 Ind. 27; *Woolery* v. *Grayson,* 110 Ind. 149; *Spencer* v. *McGonagle,* 107 Ind. 410; *Luntz* v. *Greve,* 102 Ind. 173.

In our opinion counsel for appellants, to some extent, misapprehend the force of those cases. They do not go so far as to hold that where the source of title is alleged, and the title itself put in issue, as in the case under consideration, the judgment is not conclusive as to the interests and titles of the parties.

Judgment affirmed, with costs.

Filed Sept. 28, 1889; petition for a rehearing overruled Dec. 13, 1889.