Wilson *v.* Johnson.

---

WILSON *v.* JOHNSON.

[No. 16,873.    Filed Sept. 18, 1894.    Rehearing denied May 12, 1896.]

CHANGE OF VENUE. — *Application for. — Diligence In Discovering Grounds For.*—An applicant for a change of venue, is not required to show diligence in discovering the grounds of such application.

SAME.—*Failure to Assign as Cause for New Trial.—Waiver of Error.*—The failure to assign the ruling of the court in granting a change of venue, as a cause in a motion for a new trial, is a waiver of any error in such ruling.

DEED.—*No Description Contained In.*—Deeds purporting to convey lands, but containing no description or designation of the lands, are invalid for uncertainty, and are not admissible in evidence in an action to establish title to real estate.

SAME.—*Insufficient Description.*—A deed of all "the remaining assets," of a designated person, "as the same were granted and conveyed to the grantors herein," is insufficient to convey lands not otherwise described therein.

EJECTMENT.—*The Burden Rests Upon Plaintiff to Show Title in Himself.*—A plaintiff in ejectment must recover on the strength of his own title, and if he fails to show title in himself it makes no difference whether the defendant had title or not.

INSTRUCTIONS.—*Refusal to Give Instructions.*—*Defective Record.*— The refusal to give requested instructions is not available error, where the record fails to show affirmatively that the instructions purporting to have been given by the court on its own volition, were all the instructions given in the cause.

From the Gibson Circuit Court. *Affirmed.*

*W. H. De Wolf, L. C. Embree,* and *W. C. Johnson,* for appellant.

*W. A. Cullop, C. B. Kessinger,* and *O. H. Cobb,* for appellee.

McCABE, J.—Appellant sued appellee, in the Knox Circuit Court, to recover possession of the west half of the northeast quarter of section twenty-two, in township one, in said Knox county. The suit was commenced in the Knox Circuit Court, resulting in a judgment in that court in favor of appellant. That judgment was set aside and a new trial granted, as a matter of right under the statute. On the application of appellee the venue was changed to the court below, over appellant's objection and exception.

The next trial resulted in a judgment in the court below in favor of appellee, over a motion for a new trial for alleged cause.

The errors assigned call in question the order granting the change of venue and that overruling the motion for a new trial.

The motion for the change and the affidavit in support thereof, were not filed within the time required by the rule of the Knox Circuit Court. But the affidavit stated, as an excuse for the delay, that the appellee "did not sooner discover the above ground for a change of venue."

It is insisted by the appellant that the affidavit was insufficient for its failure to state that the appellee had used diligence to discover that the alleged odium attached to his defense on account of local prejudices, and he cites in support of such contention *Witz* v. *Spencer*, 51 Ind. 253, and *Ringgenberg* v. *Hartman*, 102 Ind. 537. These cases were overruled, in so far as they require the applicant for a change of venue to show diligence in discovering the grounds of such application, in *Ogle* v. *Edwards, Admr.*, 133 Ind. 358, which has been followed in several cases since. *Bement* v. *May*, 135 Ind. 664. Besides the motion for a new trial does not specify the granting of the change as one of the causes therefor.

The failure to assign such ruling as a cause in a motion for a new trial, is a waiver of such error if any there was therein. *Caldwell* v. *Board, etc.*, 80 Ind. 99; *Shoemaker* v. *Smith*, 74 Ind. 71; *Horton* v. *Wilson*, 25 Ind. 316; *Bane* v. *Ward*, 77 Ind. 153. There was no available error in granting the change of venue.

On the last trial, appellant undertook to trace his title back to the government, and among the reasons assigned by him for a new trial, was the refusal of the trial court to allow him to read in evidence certified copies of three deeds purporting and claimed to be links in his chain of title.

The objection to the introduction of the deeds was that they did not describe the land in controversy in the suit. It is admitted, in argument by appellant, that the deeds did not describe the land. But it is

contended that the first deed that was rejected referred to another deed, which other deed did correctly describe the land in such a manner as to make the description in the deed referred to a part of the deed offered in evidence, and that the error in rejecting such deed should work a reversal of the judgment, even though the other two offered deeds were correctly rejected.

It would be needlessly extending this opinion, to go into an examination of the ruling in rejecting the first deed, because we find, from an examination of all the evidence in connection with the last two deeds rejected, that the result of the trial must have been as it was, a finding and judgment for the appellee, even if the first rejected deed had been received in evidence. The last two deeds contain no description of any land whatever, and they contain no reference to any other document where such description may be found, and they are necessary links to make the appellant's chain of paper title good.

The description in the second rejected deed is as follows: "Have granted, bargained, sold, assigned, transferred, set over, conveyed, released, and confirmed, and by these presents, and by force and virtue of the above recited order and decree of court, and the power thereby in them vested, and of every other power and authority there, enabling in this behalf, do grant, bargain, transfer, set over, convey, and confirm, unto the said George Peabody, his heirs, executors, administrators, and assigns, all the remaining assets, so, as aforesaid, conveyed and transferred to the said trustee, as set forth in the said schedule 'V,' a copy whereof is hereto annexed, and also their right, title, and interest in and to all the other assets of the Bank of the United States, as the same were granted and conveyed to the grantors herein," etc.

The description in the third rejected deed is substantially the same as the foregoing. There was no attempt to reform these deeds or to cure the defects therein by any sort of pleading or evidence.

It has often been held, by this and other courts, that deeds purporting to convey lands which do not describe or designate the lands, are invalid for uncertainty. *Buchanan* v. *Whitham,* 36 Ind. 257 ; *Shoemaker* v. *McMonigle,* 86 Ind. 421 ; Devlin Deeds, section 1010 *et seq.*

There was no error in refusing to allow the last two deeds to be read in evidence, and, as the appellant's paper title depended on them, the exclusion of the first deed was a harmless error, if error there was in such exclusion. Both parties claimed title by twenty years' adverse possession, under claim of ownership; but the appellant does not claim that either of the excluded deeds formed color of title, under which his alleged adverse possession had been continued twenty years. The claim of title by adverse possession on the part of appellant, is founded solely on the fact, as he claims the evidence establishes, that some ten or twelve years before this suit was brought, he was in possession under claim of ownership, which possession he claims was adverse, and joined to the possession of those under whom he claims was of twenty years' duration. But the appellee was in possession, at the commencement of the suit, as appellant's complaint alleges, and the evidence tended to show that such possession of appellee was under claim of ownership. Under such circumstances, it was incumbent on the appellant to show title in himself, and the burden of proof was on him to show such title and right of possession, and if he failed to show title in himself, it would make no difference whether the defendant had title or not. *Roots* v. *Beck,* 109 Ind. 472;

*Deputy* v. *Mooney*, 97 Ind. 463; *Mull* v. *Orme*, 67 Ind. 95.

There was a conflict in the evidence as to the nature and character of plaintiff's prior possession. We, therefore, cannot disturb the verdict on the weight of the evidence.

The next error for which it is claimed that a new trial ought to have been granted, is the giving and refusal of certain instructions.

The record shows that a series of instructions in writing was, at the proper time, tendered by the appellant, and the court was asked to give them to the jury; which request the court refused, and to the refusal of the court to so give each of them, the appellant duly excepted. Some of the instructions so requested were proper expositions of the law applicable to the case, and if the substance of them had not, or was not, given by the court in the instructions given, their refusal would be material and reversible error. The record fails to show that the instructions, purporting to have been given by the court on its own volition, were all the instructions given in the cause. For aught that appears in the record, the court refused to give the instructions asked, because it had already given the substance of them in other instructions it had given. Under such a condition of the record, it has often been held that the refusal of correct instructions is not available error. *The City of New Albany* v. *McCulloch*, 127 Ind. 500; *Grubb* v. *State*, 117 Ind. 277 ; *Ford* v. *Ford*, 110 Ind. 89 ; *Lehman* v. *Hawks*, 121 Ind. 541; *Musgrave* v. *State*, 133 Ind. 297.

No special objection is pointed out, in appellant's brief, to the instruction given by the court of its own volition, contained in the record, though the giving of them is assigned as a reason in the motion for a new trial; nor do we see any objection to them. At

all events, none of them are so radically wrong as to be incurable by other instructions, which may have been given. And we must presume that such other instructions were given, where the contrary is not, as here, made affirmatively to appear by the record. *Ford* v. *Ford, supra; Lehman* v. *Hawks, supra; Musgrove* v. *State, supra.*

We find no available error in the record, and, therefore, the judgment is affirmed.

### ON PETITION FOR REHEARING.

McCABE, J.—Two points only are made in the petition filed by the appellant for a rehearing.

The first is that we erred in holding that the two deeds offered in evidence were properly rejected by the circuit court, on the ground that they described no land whatever; and second that even if they were void for want of a description of the premises sought to be conveyed, yet as the appellant was claiming title by adverse possession, also under color of title, that we erred in upholding the ruling of the trial court in excluding them, because notwithstanding their invalidity and insufficiency to convey title, yet it is claimed they were sufficient to constitute color of title.

As to the first point we have to observe that there were three deeds in the alleged chain of plaintiff's, appellant's, paper title, of the rejection of each of which, as evidence, the appellant complains. In the original opinion, we only noticed two of them, holding their rejection justified, because they did not contain any description of the land, and that that was fatal to plaintiff's case, regardless of the question as to the rejection of the other one.

Counsel now contend that that was error, because the first of the two thus passed on, though containing

no description of land whatever, yet they claim it contains a reference to the first of the three so offered, the one we did not pass on, and that that deed contains a description of the land. Authority is cited by them to the effect, that the deed thus referred to is in effect thereby incorporated into the deed making the reference, and that the description thus incorporated, will, if good, make the deed good. Conceding that to be the law and applicable, yet we find the reference is to a deed dated May 22, 1855, whereas the first rejected deed, to which they claim reference was made for a description, is dated May 19, 1855. But that is not the worst. That deed describes the land as the west half of the northwest quarter of section 22, instead of the west half of northeast quarter, the land in dispute, as appellant's counsel concede. They say they have no doubt that that was a clerical error of the recorder, "but it is impossible to remedy that error at this late day," they say.

That is rather a frank confession, that not only was the first rejected deed properly rejected by the court, but that the next one in the appellant's chain of title contains no description whatever, and refers to no deed for a description that contains a description of the land in question. But they ask us to take their word for it, that the land in question ought to be, though it is not, described in the deed referred to, and for that reason hold it good. No sufficient reason is stated or authority cited, authorizing courts to correct alleged mistakes in deeds and land titles without allegation or proof. To uphold appellant's position would be to make the ultimate rights of the respective parties litigant to depend, not upon allegation and proof, but upon the fact that the attorney on one side asserts the claims of his client with more vehe-

mence than the attorney on the other. Justice is not so administered.

The third rejected deed refers to the second as follows: "All the right, title, and interest I have in the assets of the Bank of the United States, whether real, personal, or mixed, which remain unsold, and which were conveyed by Samuel Jordan and others, in their capacity as trustees, and otherwise by deed dated January 25, 1867."

The deed thus referred to, as we have already seen, contained no description of any land whatever, and though it referred to the previous deed for a description, that deed contained no description of the land in question whatever. The three deeds were all properly rejected as evidence of legal title.

Were they competent evidence of color of title? Counsel for appellant contend that they were.

Color of title is that which in appearance is title, but which, in reality, is no title. 1 Am. and Eng. Ency. of Law (2 ed.), 846, and authorities cited.

Color of title, unless expressly required by statute, is not essential to the acquisition of title by adverse possession. 1 Am. and Eng. Ency. of Law (2 ed.), 847, and authorities cited. *Sims* v. *City of Frankfort,* 79 Ind. 446; *State* v. *Portsmouth, etc., Bank,* 106 Ind. 435; *Roots* v. *Beck,* 109 Ind. 472; *L'Hommedieu* v. *Cincinnati, etc., R. W. Co.,* 120 Ind. 435; *Bowen* v. *Swander,* 121 Ind. 164; *Herff* v. *Griggs,* 121 Ind. 471; *Dyer* v. *Eldridge,* 136 Ind. 654.

The only difference between color of title by deed under adverse possession, and that by adverse possession without deed, is that in the case of a deed, the title extends to and includes the boundaries that are described in the deed, while in the case without deed, the title is confined to that which is actually occupied.

1 Am. and Eng. Ency. of Law (2 ed.), 848, 849; *City, etc.,* v. *Lake Erie, etc., R. R. Co.,* 130 Ind. 1.

The authorities are conflicting as to the effect which is to be given to defects in the title which are discoverable by inspection of the instrument, in rendering the purported conveyance inoperative as color of title. 1 Am. and Eng. Ency. of Law (2 ed.), 855, and authorities there cited. But the authorities seem to be agreed that in order that an instrument may confer color of title, it must contain a description of the land. 1 Am. and Eng. Ency. of Law (2 ed.), 858, 859, and authorities there cited; *City of Noblesville* v. *Lake Erie, etc., R. R. Co., supra.*

Therefore, the appellant was not entitled to introduce the deeds in question to establish color of title, because they were not sufficient to constitute color of title in the appellant.

Petition overruled.