## Hoshaw *v.* Hoshaw and Another.

In debt on an attachment-bond, a breach alleging that the obligee did not owe the debt for which the attachment issued, and that the proceedings were wrongful and oppressive, is insufficient.

But where the breach, besides said allegations, showed that the attachment-plaintiff had obtained judgment, &c., and that the proceedings were *ex parte*, it was held to be sufficient.

ERROR to the *Fountain* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the plaintiff in error on an attachment-bond. The condition of the bond, which is set out in the declaration, is, that whereas *Samuel Hoshaw*, the principal obligor, has taken out an attachment from *Philip Weaver*, a justice of the peace, against *Benjamin Hoshaw*, the obligee, now if said *Samuel Hoshaw* shall prosecute the attachment with effect, and pay all damages if the proceedings shall be wrongful and oppressive, then the bond to be void. There are four breaches assigned.

The first and second breaches are, that the present plaintiff did not owe the demand or any part thereof, for which the attachment issued; and that the proceedings were wrongful and oppressive. These two breaches were specially demurred to, and the demurrers sustained. These breaches are substantially bad. They do not show what the proceedings in the attachment were. For aught shown by these breaches,

the present plaintiff may have appeared to the attachment-suit, and the cause have been regularly tried on the merits, and a judgment rendered against him. In that case, the judgment would be conclusive against the present plaintiff. He would be estopped from saying, in a suit on the attachment-bond, that he did not owe the debt for which the judgment was rendered.

The third and fourth breaches are, that the attachment was returned that there were no goods or chattels, rights, credits, or effects of the attachment-defendant, within the county; that thereupon the attachment-plaintiff made affidavit, &c., and took out a summons against one *M'Murtrie*, as garnishee; that *M'Murtrie* appeared and admitted that he was indebted to the present plaintiff, &c.; that afterwards, &c., the justice gave judgment against the present plaintiff for the sum of, &c., and a judgment also against the garnishee for the sum of, &c.; that the attachment and judgments are illegal; that the present plaintiff did not owe the demand for which the attachment issued, nor any part thereof; that the garnishee paid the judgment against him; and that the proceedings in the attachment were wrongful and oppressive. General demurrers to these last two breaches, and judgment for the defendants.

We think the last two breaches are sufficient. They show that the cause was throughout *ex parte*, and they allege that there was no debt on which to found the attachment. The attachment-plaintiff, it is true, prosecuted his suit with effect by obtaining judgment; but the condition of the bond was not only that the attachment should be prosecuted with effect, but also that the proceedings should not be wrongful and oppressive. If there was no debt due to the attachment-plaintiff, this *ex parte* proceeding was wrongful and oppressive; and the present plaintiff, not being estopped by the judgment, may show, as a breach of the bond, that there was no such debt.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*R. A. Chandler*, for the plaintiff.

*R. C. Gregory* and *D. Brier*, for the defendants.