## WILSON ET AL. *v.* ROOT ET AL.

PRACTICE.—*Supreme Court.*—*New Trial.*—The Supreme Court has no power to grant a new trial; when a motion for a new trial has been made and has been ruled upon by an inferior court, its ruling may be reviewed in the Supreme Court, when the grounds upon which the court acted are properly shown by the record, and when it is assigned for error that the court improperly overruled or granted the motion.

SAME.—*Assignment of Error.*—Matters which are reasons for a new trial in the court below should not be assigned as error in the Supreme Court.

SAME.—It is not error for which a judgment will be reversed, that a demurrer has been sustained to paragraphs of an answer, when the general denial was pleaded, and the special matters alleged in answer might be proved under the general denial.

DAMAGES.—*Undertaking in Attachment.*—In an action on an undertaking in attachment, where both the action and the attachment proceeding have been defeated, the reasonable attorney's fees of the defendant in the action in which the attachment is sued out, for defending both the action and the attachment, may be included in the damages.

SAME.—There can be no discrimination in such case between attorney's fees for services rendered before and after a change of venue from the county granted on the application of the defendant.

From the Wayne Circuit Court.

*W. A. Peelle, H. C. Fox,* and *W. S. Ballenger,* for appellants.

*J. P. Siddall* and *C. H. Burchenal,* for appellees.

DOWNEY, C. J.—Wilson and Lowry sued the appellees in the Wayne Common Pleas, and in connection with their action, and as authorized by the code, they took out an attachment against the property of the appellees, and for that purpose executed an undertaking with security, in which they undertook that they would duly prosecute their proceeding in attachment in the action, and pay to the defendants all damages which they might sustain if their proceedings should be wrongful and oppressive. The attachment went into the hands of the sheriff, and by virtue of it he seized six thousand dollars of bank stock owned by the attachment defendants. A change of venue was granted in the action from the Wayne to the Union Common Pleas, at the instance of the appellees, where, after issues were found, there was a trial and final judgment for the appellees, not only as to the attachment, but also as to the existence of any cause of action against them.

This was an action by the appellees against the appellants on the undertaking which was executed and filed in that case by the appellants. In the complaint the plaintiffs allege the commencement of the action by the appellants, Wilson and Lowry, against them, on the 16th day of July, 1866, to

recover the sum of four thousand one hundred and ten dollars, which they alleged was due to them from the plaintiff herein, the execution of the said undertaking, which is made part of the complaint, and a copy thereof filed, the issuing of the order of attachment by the clerk against the property of the plaintiffs, the delivery of the same to the sheriff, the seizure of said bank stock by him; that the attachment continued in force from the 16th day of July, 1866, until the 6th day of December, 1867, on which last named day, it is alleged, said cause was tried in the said Union Common Pleas, and a judgment thereon rendered in favor of the plaintiffs in this action and against the defendants herein. It is then alleged that the said proceedings of the said Wilson and Lowry were wrongful and oppressive, in this, to wit: that plaintiffs did not owe and were not indebted to them in the said sum of four thousand one hundred and ten dollars, or in any sum whatever, and the said suit was wrongfully and vexatiously commenced and prosecuted, for the purpose of harassing the plaintiffs and extorting money from them; that at the time of the commencement of said suit, the plaintiffs resided in the city of Cincinnati, Ohio, where their business was carried on, and where they had property subject to execution more than sufficient to satisfy the amount claimed by said Wilson and Lowry in said suit; and by the seizure and attachment of said property the plaintiffs were compelled to incur great expense in travelling to the county where the suit was pending, and employing attorneys to defend said suit, and they lost a great deal of time in so doing, while they were compelled to neglect their legitimate business; and they were also compelled to bring their books and papers from their office in Cincinnati into court, whereby great inconvenience and damage were occasioned to their business, and also to bring their book-keeper as a witness upon the trial, he being a material witness for them, and the matter involved in said suit being of such a nature that his deposition could not be taken so as to answer the purpose; and plaintiffs were also compelled to pay out large sums of

money for the taking of depositions to be used in the said cause, and they were also deprived of the use of said property during the continuance of said attachment and were prevented from disposing of the same, whereby they sustained great damage ; and plaintiffs say that by reason of the commencement and prosecution of said attachment proceedings against them in manner aforesaid, they sustained damage, as aforesaid, in the sum of one thousand dollars, which damage remains due and wholy unpaid, for which sum they demand judgment. The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and the defendants excepted.

The defendants then answered in five paragraphs: 1st. A general denial. 2d. That all the damages sustained by the plaintiffs grew out of the action brought by Wilson and Lowry against them and their defence of the same, and not out of the attachment or the defence of the same. 3d. That the plaintiffs did not pay out any money whatever or incur any loss by reason of the issuing of said attachment. 4th. That the attachment was properly and legally issued against the property of the defendants, they being at the time and still being residents of the State of Ohio. 5th. This paragraph was by Wilson only, alleging his discharge in bankruptcy.

The plaintiffs demurred separately to the second, third, fourth, and fifth paragraphs of the answer, on the ground that neither of them stated facts sufficient to constitute a defence to the action. The court sustained the demurrer to the second, third, and fourth paragraphs, and the defendants excepted. The plaintiffs filed a reply by general denial to the fifth paragraph. Sylvester Johnson, one of the defendants, filed a pleading alleging that he was surety in the undertaking for the other defendants.

The cause was, by agreement of the parties, tried by the court, and there was a finding by the court, which is spo-

ken of in the record and in the brief of counsel for the appellants as a special finding. It does not appear to have been made at the request of the parties or any of them, is not signed by the judge, nor incorporated in a bill of exceptions.

The defendants moved the court for judgment on the special finding of the court, and, in the same motion, for judgment in their favor notwithstanding the finding of the court. The court overruled this motion, and the defendants excepted.

The defendants then moved the court for a new trial, for the reasons following: 1st. Because the damages were excessive. 2d. Error of the court in the assessment of the amount of the damages, the same being too large. 3d. The finding and judgment of the court are not sustained by sufficient evidence. 4th. The finding and judgment are contrary to law. 5th. Error of law by the court in the trial and proceedings of said cause, in this, to wit: 1st. The court improperly overruled a demurrer to the complaint. 2d. The court improperly sustained demurrers to the second, third, fourth, and fifth paragraphs of the answer. 3d. The court improperly permitted the plaintiff to read in evidence the undertaking sued on, and the attachment, and the record certified by the clerk of Union county. 4th. The court improperly refused to allow the defendant to ask the questions in writing numbered one, two, three, four, five, six, seven, eight, nine, and ten, respectively, to which the defendants at the time excepted. 5th. That the court improperly overruled defendants' motion in writing to suppress the depositions of G. G. Root and A. E. Smith, as to the defendants John W. Wilson and James Lowry. 6th. The court permitted the plaintiff to give in evidence the testimony marked objected to by the judge in the minutes taken by him. 7th. Error of the court in overruling the motion of the defendants for judgment in their favor on the findings of the court.

This motion was overruled by the court, and the defend-

Wilson *et al. v.* Root *et al.*

ants again excepted. Final judgment was rendered by the court, from which the defendants appealed to this court.

The errors assigned are as follows: 1st. The damages are excessive. 2d. The finding and judgment of the court are contrary to law. 3d. The finding and judgment of the court are not sustained by the evidence. 4th. Error of the court in overruling the appellants' demurrer to the complaint. 5th. Error of the court in sustaining the demurrers to the second, third, fourth, and fifth paragraphs of the answer. 6th. Error of the court in refusing to allow answers to questions one, two, three, four, five, six, seven, eight, nine, and ten, as set forth in record, page 16, line 10, *et sequitur.* 7th. Error of the court in overruling the motion of the defendants for judgment on the special finding. 8th. Error of the court in overruling appellants' motion for a new trial.

We may as well, in the first place, eliminate some superfluous matters which are in the record, and then we shall see what remains for our consideration. In the motion for a new trial, under the fifth general reason for a new trial, the subdivision number one, relating to the overruling of the demurrer to the complaint, and that numbered two, having reference to sustaining the demurrers to the paragraphs of the answer, neither of which is a reason for a new trial in any case; the fifth, relating to refusing to suppress depositions, the ground of which is nowhere shown in the record; the sixth, with regard to "admitting in evidence the testimony marked objected to by the judge," which is not presented by the record; and the seventh, which is overruling the defendants' motion for judgment on the special finding, which is not a cause for a new trial, even when there is a proper special finding in the record, must all be disregarded by us for the reasons stated.

In the assignment of errors, the first, second, third, and sixth, which are simply the repetition of some of the reasons for a new trial and are all embraced in the eighth error assigned, and the seventh, which has no valid special finding upon which to rest, must also, all of them, be laid out of the case,

for the reasons stated.    There was no demurrer sustained to the fifth paragraph of the answer.   On the contrary, there was a reply to it, as we have already seen.   We may be pardoned if we again, and in different language, remark that this court has no power to grant a new trial.   The popular idea, that it can or does do so, should cease to influence the action of counsel in the assignment of errors in this court. It is, for this reason, a vain practice, prevailing with many members of the bar of this court, to assign as errors here, that the damages are excessive ; that the verdict is not sustained by sufficient evidence, or is contrary to law; that the court erred in the admission or exclusion of evidence, or in instructing or refusing to instruct the jury, or in any other matter which is a reason in the court below for a new trial. It is wholly a matter for the determination of the inferior court, whether there shall or shall not be a new trial granted.    When that court has decided the question, its ruling on the point or question may be reviewed in this court, when the grounds upon which the court acted are properly shown by the record which is brought to this court, and when it is assigned for error that the court improperly overruled or granted the motion.    The grounds for a new trial are required to be definitely set forth in the written motion ; that motion is a proper part of the record, and to it we must look, and not to the assignment of errors, for the causes alleged for the new trial in the court below.

Having pruned the record of those parts which can not aid in the proper determination of the case, let us ascertain what questions are rightly presented for our decision, and what the law is arising upon them.    The first question relates to the sufficiency of the complaint.    The second concerns the sufficiency of the second, third, and fourth paragraphs of the answer.    The third is as to the correctness of the ruling in refusing to grant a new trial.   We shall dispose of these questions as here numbered.

The complaint we regard as clearly sufficient.    Indeed,

no objection to it is pointed out or relied upon in the brief of counsel for the appellant.

The second, third, and fourth paragraphs of the answer seem to us to add nothing material to the issue as formed by the general denial. Proof of any items of damages properly allowed should have been admitted by the court under that issue, and proof of those which were not proper should have been excluded by the court. Nothing more could have been done if the special paragraphs had been in.

While the question is not very well presented, we think under this division we may properly consider and decide the question which seems mainly to constitute the matter of difference between the parties, and that is as to the allowance of attorney's fees paid or to be paid by the plaintiffs for defending the former action.

There may be different results in an action in connection with which an attachment has been sued out: 1st. The action and the attachment may both be sustained; in which case there can be no suit upon the undertaking. 2d. The action may be sustained, and the attachment may not be sustained, but may have been wrongful and oppressive; in which case it would seem that the attorney's fees for defending against the attachment should be allowed in an action on the undertaking, but not those for defending the action. 3d. When the action and the attachment have both been defeated, there having been no foundation for the action, and consequently no right to sue out the attachment; in which case it seems to us that there can be no distinction made between services rendered in the defence of the action and those rendered in defence of the attachment. In such a case we think the reasonable attorney's fees of the defendant in the action in which the attachment was sued out, for defending both the action and attachment, may be included in the damages allowed in a suit on the undertaking. Sedgwick Measure of Damages, 453; Drake Attachment sec. 175, *et seq.; Morris* v. *Price*, 2 Blackf. 457;

*Hoshaw* v. *Hoshaw*, 8 Blackf. 258; *Campbell* v. *Chamberlain*, 10 Iowa, 337; *Hayden* v. *Sample*, 10 Mo. 215; *Seay* v. *Greenwood*, 21 Ala. 491. It is attempted to discriminate between the fees paid to attorneys of the Union Circuit Court, and those paid before the change of venue was granted. We think this can not be done. The defendants in the action had a legal right to a change of venue, and the taking of such change can not make any difference in their right to recover their reasonable attorney's fees, whether for services in Wayne or in Union county.

The evidence is not all in the bill of exceptions. We can not therefore say that the damages were excessive, or that the finding of the court was not sustained by sufficient evidence.

The judgment is affirmed, with costs.