## CRAWFORD v. REDWAY ET AL.

PROMISSORY NOTE.—*Assignment.*—*Parties.*—*Erasure.* —*Evidence.*—*Pleading* —*Practice.*—*Instruction.*—In a suit upon a promissory note, by R. and B., as assignees, against the maker, an answer was filed denying the assignment as the same then appeared, and averring that the payee endorsed said note to "R. & B. & others," and that those "others" had not been joined as parties to the suit. On the trial the note and assignment being offered in evidence, the defendant objected to the admission of such assignment. The plaintiffs claiming that the words ' & others ' had been erased in pencil and formed no part of the assignment, at the suggestion of the court and over the defendant's objection, "further erased" said words, by striking them out with ink.

*Held*, that permitting the words " & others " to be "further erased" implies that there had already been some erasure of those words, and, nothing appearing to the contrary, the Supreme Court can not say that the lower court abused its discretion in permitting such words to be *further* struck out.

*Held*, also, that evidence offered by the defendant to prove the names of persons not mentioned in the pleadings, as being the persons referred to by the words " & others," was inadmissible.

*Held*, also, there being no answer denying the execution of the note, and the answer denying the assignment not being verified, that both the execution and assignment of the note were, in legal effect, admitted, and that it was not error on the part of the court to assume, in its instructions to the jury, that the defendant had executed said note, and that it had been assigned to the plaintiffs.

SAME.—*Continuance.— Waiver.*—Where a continuance, asked for by a defendant on the ground of the absence of a witness, by whom it is claimed certain facts alleged in a paragraph of answer can be proved, is refused, and an exception reserved, the subsequent withdrawal of such paragraph, and the trial of the cause upon a different issue, are a waiver of the exception.

From the Lawrence Circuit Court.

*G. Putnam* and *G. W. Friedley*, for appellant.

*A. C. Voris* and *M. T. Dunn*, for appellees.

NIBLACK, C. J.—Suit on a promissory note, by Albert J. Redway and Stephen R. Burton as assignees of Hugh McNabb, the payee, against James H. Crawford, the maker, of the note.

The defendant answered in a single paragraph, setting up facts tending to show a failure of the consideration upon which the note was given, and, issue being joined, he then filed his affidavit, alleging the absence of a witness by whom he claimed he could prove some of the material facts set up in his answer, upon which he moved for a continuance of the cause.

The court overruled the motion for a continuance, and the cause was submitted to a jury for trial.

At that point leave was given to the defendant to withdraw his answer, and to file an additional paragraph in its place, and an additional paragraph was thereupon filed, as follows :

" And, for further and other answer to the plaintiffs' complaint herein, the defendant denies that said Hugh McNabb, the original payee of said note mentioned in [the] complaint, made the assignment of said note as the same

now appears thereon, but he avers that said McNabb endorsed said note to 'Redway & Burton & others,' and that the persons mentioned and designated as 'others' have not been joined as parties in this suit."

The trial then proceeded upon the issue formed by this new answer, terminating in a verdict and judgment for the plaintiffs.

One of the errors assigned here is upon the overruling of the defendant's motion for a continuance, but, as the answer setting up the defence, to sustain which the continuance was prayed for, was withdrawn, and the cause tried upon another and different issue, voluntarily tendered by the defendant, we must regard the exception to the refusal of the continuance as waived.

The withdrawal of the answer first filed, which the filing of an additional paragraph did not make necessary, was an abandonment of the defence which it was alleged the testimony of the absent witness would sustain.

Error is also assigned upon the overruling of the defendant's motion for a new trial, which embraces all the remaining errors, they being but a repetition of some of the causes for a new trial. *Wilson* v. *Root*, 43 Ind. 486; Buskirk Practice, 114, 212.

On the trial the plaintiffs offered in evidence the note, with an assignment thereon, seeming to have been originally as follows :

" July 19th, 1875. I assign the within note to Redway & Burton & others. Hugh McNabb."

The defendant objected to the admission of the assignment in evidence.

The plaintiff thereupon claiming that the words " & others " in the assignment had been erased in pencil, and consequently then formed no part of the assignment, and, acting at the suggestion of the court and over the objection of the defendant, further erased said words, as the

bill of exceptions informs us, by striking them out with ink.

The note and the assignment were then admitted in evidence, over the further objections of the defendant.

The court having permitted the words " & others " to be further struck out on the trial, would seem to imply there had already been some erasure of those words, and, nothing appearing to the contrary, we cannot say that the court was guilty of any abuse of its discretion, or committed any error, in permitting those words to be further struck out.

The defendant offered to prove on the trial the names of certain firms, not mentioned in the pleadings, as being the persons referred to by the words " & others " in the assignment, but the proposed testimony was excluded.

There was no averment in the answer to which such testimony would have been applicable, and for that reason, if for no other, it was properly excluded. Besides, the words " & others " had already been struck out, as above stated.

In the only instruction which the court gave to the jury it was assumed by the court, that the defendant had executed the note in suit, and that it had been assigned to the plaintiffs.

It is objected here, that the court erred in so assuming in its presentation of the case to the jury.

Under the issue upon which the cause was tried, and upon the evidence submitted to the jury, the note and the assignment being the only evidence, we are of the opinion that the court did not err in giving the instruction complained of, as is insisted by the appellant.

There was no answer denying the execution of the note, and the answer denying the assignment was not supported by the oath of the defendant. 1 R. S. 1876, pp. 70 and 71 and notes. Under these circumstances both the

execution and the assignment of the note were, in legal effect, admitted.

We see no cause for a reversal of the judgment.

The judgment is affirmed, at the costs of the appellant.

Opinion filed at May term, 1878.

Petition for a rehearing overruled at November term, 1878.