No. 12,076.

## MASON *v.* MASON.

PLEADING.—*Contract.*—*Naked Averment of Mistake.*—A naked averment of mistake, without seeking a reformation of the contract, can not avoid the defence created by the agreement.

SAME.—*Reformation Should be Asked in Complaint.*—*Semble*, that where the correction of a mistake in a written agreement is necessary to enable the plaintiff to recover, reformation should be asked in the complaint, and not by reply.

PRACTICE.—*Pleading.*—*Harmless Error.*—It is not an available error to sustain a demurrer to a paragraph of answer setting up facts specially which are admissible under the general denial, also pleaded.

SAME.—Where two paragraphs of reply, substantially alike, are directed to the same paragraph of answer, it is not an available error to sustain a demurrer to one, even if good.

SAME.—*Appeal.*—Where, on appeal, it appears from the record that the appellant, the plaintiff below, was not entitled to recover anything, rulings of the trial court, though erroneous, will be considered harmless and not available for the reversal of the judgment.

From the Brown Circuit Court.

*C. M. Duncan, A. Percifield, W. R. Harrison* and *W. E. McCord,* for appellant.

*J. V. Mitchell* and *J. F. Cox,* for appellee.

BEST, C.—The appellant brought this action against the appellee upon an account for money loaned, money had and received, property sold and delivered, and for rents due and unpaid, aggregating $6,000.

The appellee filed an answer of four paragraphs. The first was the general denial. The second was a set-off for goods furnished, labor performed, money expended and repairs made at the appellant's request, aggregating $7,000. The third and fourth alleged a prior settlement of all matters of difference as per written agreement, a copy of which was filed, and by which the appellee obligated himself, in consideration of such settlement, to pay a school mortgage and to pay the appellant upon demand $450. It was further alleged that the school mortgage had been paid; that the appellee had paid

the appellant $250, and the residue, with interest thereon, was brought into court in discharge of such obligation.

The appellant filed a reply of six paragraphs.. The first was the general denial, and the others were special. A demurrer was sustained to the second, fourth and fifth, and an ·exception reserved. Trial, verdict and judgment for the appellee. Motion for a new trial overruled. This ruling and the ruling upon the demurrer are assigned as error.

The second paragraph of the reply was limited to that portion of the second paragraph of the answer which charged the appellant with certain sums of money paid to, and expended for, her benefit, and alleged that such sums of money belonged to the appellant. These facts were admissible in evidence under the general denial. If the money belonged to the appellant, she did not become indebted to the appellee by reason of its reception either directly or indirectly, and evidence tending to establish such fact went in denial of the appellee's ·claim. It was therefore admissible under the general denial, and as that answer remained on file no available error was ·committed in sustaining the demurrer to this paragraph. *Wilson* v. *Root*, 43 Ind. 486; *Fuller* v. *Wright*, 59 Ind. 333.

The third, fourth and fifth paragraphs of the reply were directed to the third paragraph of the answer, and each of them avers, in substance, that the matters and things mentioned in the complaint were not embraced in such settlement, but that only the sum received by the appellee from a sale of the appellant's land was then settled and adjusted. The third and fifth are substantially alike, each alleging that such settlement was fraudulently procured; and as the third remained on file it follows that no available error was committed in sustaining the demurrer to the fifth, whether it was good or bad.

The fourth alleged that the appellee represented that he had only received $500 from a sale of such land, and that such item was alone settled at the time such agreement was made, and that the scrivener, in preparing such agreement of

settlement, had, by mistake, inserted the stipulation that such agreement was in full settlement of all matters of difference between them. The stipulation is in these words: "An agreement made and entered into by and between Lucy J. Mason and Hughes Mason, this 7th day of April, 1883, witnesseth, that in settlement of all matters of difference heretofore existing between them there is found to be a balance due the said Lucy J. Mason, from the said Hughes Mason, of four hundred dollars; he, the said Hughes Mason, agrees to pay the said Lucy J. Mason," etc.

This paragraph does not aver that this agreement of settlement was fraudulently procured, nor does it seek a reformation of the contract. It simply avers a mistake. A naked averment of mistake, without seeking a reformation of the contract, can not avoid the defence created by the agreement. *King* v. *Enterprise Ins. Co.*, 45 Ind. 43.

This is the rule as applicable to defences dependent upon the correction of mistakes in written agreements, and it would seem that if such correction is necessary, in order to enable a plaintiff to recover, the application for such reformation should be made in the complaint, and not by the reply. There was, therefore, no error in this ruling.

The appellant's husband died in April, 1880, and at that time she owned a hotel, livery stable, a store-room, two offices, and 130 acres of land. The business of the hotel and livery stable was conducted by her until the 9th day of April, 1883. During this time the appellee, who is her son, occupied the store-room as a dry goods merchant, received all the proceeds of the hotel and livery barn, furnished everything needed, and was at all expense in carrying on the business and in repairing the property. On the 9th of April, 1883, the contract of settlement was made, and in August thereafter this suit was brought to recover the rent of such store-room, rents received for such offices, money received from a sale of the appellant's land, and such money as he had received from the hotel and livery business. The appellant did

not keep an account of the money received by the appellee from either source, but relied upon him to keep the account. She, however, kept an account for four months of one year, and testified that these were average months during the entire time. The proceeds during this time amounted to $100 per month, and the appellant contends that this evidence was sufficient to charge the appellee with such sum per month during the entire time, though no evidence was offered that he received any specific amount. The court charged the jury that it was necessary for the appellant to trace the specific amounts to the appellee's hand, and this charge, it is insisted, was wrong.

The appellant also contends that the court erred in its charges as to the binding character of the agreement of settlement, and in excluding evidence as to what was embraced in such settlement.

This may be conceded, and yet it does not follow that the judgment must be reversed. If these rulings are deemed erroneous, it is upon the assumption that the settlement does not embrace the items mentioned in the complaint, and that the general proof offered entitled the appellant to recover the full amount which the proof tended to establish. Thus considered, the appellant was entitled to recover, according to her own testimony, and none was different, for store-room $450, receipts from hotel and livery $3,900, money from other sources $415, and from sale of land $700, in all $5,465, less $250, paid her upon the settlement, leaving a balance of $5,215.

The appellee, in support of his claim, testified that the appellant was indebted to him for money paid by him to various persons, for repairs made upon the store building and dwelling, for labor performed in carrying on the hotel and livery business, and for premiums, taxes, etc., $2,548, and for goods, groceries, and feed for livery stable, $3,008.56, in all $5,-548.54. An itemized statement of these various articles was produced, and the testimony of the appellee that he had fur-

nished them to the appellant was undisputed. The appellant, according to this record, was not called as a witness in relation to any of these items, nor was the appellee even cross-examined as to them. His testimony appears in a narrative form, and is not disputed by any one. It will thus be seen that if the agreement of settlement is entirely ignored, and the general proof is deemed sufficient to establish the appellant's claim, and the same is allowed in full, yet, as the appellee's undisputed claim exceeds in amount the appellant's by several hundred dollars, she was not entitled to recover anything in this action. Under the evidence, it was the duty of the jury to allow the appellee's claim, and if they did, as we must assume, the appellant was not entitled to any recovery, though her full claim was allowed. As the appellant, upon this record, was not entitled to recover anything, the rulings named, though erroneous, did not injure her. Had the appellee's claim been controverted, the questions would have presented themselves differently. As it was not, it does not appear that the appellant was injured by these rulings, and, therefore, they furnish no cause for a reversal of the judgment.

For these reasons we think there is no available error in the record, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed April 8, 1885; petition for a rehearing overruled June 12, 1885.