No. 232.

## EICHEL ET AL. *v.* BOWER.

BILL OF EXCEPTIONS.—*Omission of Evidence.—Appellate Court.*—Although the bill of exceptions concludes with the statement, "this was all the evidence given in the cause," yet if it affirmatively appear that the bill does not contain all the evidence, this court will not consider and decide any question which depends for its proper decision upon the evidence.

From the Vanderburgh Circuit Court.

*P. W. Frey,* for appellants.

*C. Staser* and *W. W. Ireland,* for appellee.

ROBINSON, J.—This action was commenced by appellee against appellants, and from the alleged facts in the complaint it appears that on the 9th day of September, 1888, the appellee bought of appellants twenty-seven head of cattle, for which he paid $473.59. They were diseased with the Texas fever, of which nine head died in a short time. Sixty days after the sale appellants received from the appellee the remaining eighteen head, for which they paid him $351.16, appellants refusing to pay for the dead cattle, or for the care and nursing in trying to cure them. The complaint was in four paragraphs. A demurrer was sustained to the third paragraph.

The first paragraph set out the alleged disease and death of the nine cattle, and the return of the remaining eighteen, and that by the terms and as part consideration for the contract of sale, appellants warranted said cattle to be healthy and all right, when in fact they were afflicted with the Texas fever, a malignant, contagious disease, and worthless.

The second paragraph was like the first, except that it alleged that at the time of the sale the cattle were afflicted with the Texas fever, a malignant, contagious disease; that their condition was well known to the appellants, but unknown to the appellee; that their condition could not be

discerned by inspection, and that appellee had no opportunity to ascertain their condition.

The fourth paragraph was like the two preceding ones, except it alleged, as a part of the terms and conditions of the contract of sale, that the appellants represented that said cattle were healthy and all right, intending that said appellee should rely thereon, and he did so rely.

Appellants answered by general denial, and by a second paragraph affirmatively alleging appellee's means and opportunity for ascertaining the condition of the cattle, and his negligence in failing so to do.

The reply was general.

Trial by the court, finding for the appellee, and judgment on the finding, over a motion for a new trial. The only error assigned is in overruling the motion for a new trial.

The causes assigned for a new trial are:

*First.* The finding of the court is not sustained by the evidence.

*Second.* The finding of the court is contrary to law.

*Third.* The finding of the court is contrary to law and evidence.

It is under the alleged error in overruling the motion for a new trial that appellants' counsel claims the reversal of this cause.

The appellee's counsel, however, claim that as there are no questions before this court, except such as arise out of the evidence, this court can neither consider nor decide these questions, because they say that although the bill of exceptions contains the usual statement, "this was all the evidence given in the cause," yet the bill shows upon its face that, in fact, it does not contain all the evidence given in the cause. The facts as appear by the record fully sustain the position assumed by the appellee's counsel, and are not controverted by appellants' counsel.

In the evidence in chief of the appellee, William Bower, appears the following:

"The boy did come with the note from the defendants, saying they could not take the cattle. The note was dated September 24th, 1888, and I now have it. Here it is."

The note was then read in evidence as follows, to wit: "Here insert." The note is no where copied in the record, and forms no part of it.

The Supreme Court has uniformly held that, although the bill of exceptions concludes with the statement, "this was all the evidence given in the cause," yet if it affirmatively appear that the bill does not contain all the evidence, be it much or little, the court will not consider and decide any question which depends for its proper decision upon the evidence. *Collins* v. *Collins*, 100 Ind. 266; *Fellenzer* v. *Van Valzah*, 95 Ind. 128; *Shimer* v. *Butler University*, 87 Ind. 218; *French* v. *State, ex rel.*, 81 Ind. 151; *Morris* v. *Stern*, 80 Ind. 227; *Clay* v. *Clark*, 76 Ind. 161; *Langohr* v. *Smith*, 81 Ind. 495.

The only questions counsel for appellants discusses here, and the only cause for which he asks a reversal of the judgment below, depend entirely for their proper consideration and decision upon all the evidence given in the cause.

We can not say from the record that it contains all the evidence, and, therefore, we must decline to consider the questions discussed by appellants' counsel, or to disturb the finding and judgment of the trial court.

Judgment is affirmed, with costs.

