Filed May 11, 1893.

---

### No. 710.

### JORDAN v. MUTH ET AL.

APPEAL.—*Appellate Court Practice.*—*Sufficiency of Evidence.*—*When No Question Presented.*—Where the only question relied upon on appeal is the sufficiency of the evidence to sustain the finding of the trial court, no question will be presented, that can be considered, unless all the evidence is in the record.

BILL OF EXCEPTIONS.—*Requisites.*—*Insufficiency.*—A bill of exceptions purporting to contain the evidence introduced on the trial of the cause will be insufficient, unless it contains the certificate of the judge that it contains all the evidence given on the trial, and even then it will be insufficient if it appears, upon the face of the bill, that it does not contain all the evidence.

From the Marion Circuit Court.

*J. L. Griffiths* and *A. H. Potts*, for appellant.

*J. E. Florea*, for appellees.

Ross, J.—The only questions presented by this appeal arise on the ruling of the court on appellant's motion for a new trial; and the only questions argued by counsel for appellant, arising upon this motion and ruling, relate to the sufficiency of the evidence to sustain the finding of the court.

It is contended, by counsel for appellant, that "the evidence in the case consists solely of the agreed statement of facts, together with the correspondence between the appellant, doing business in Indianapolis, and the appellees, doing business in Pittsburgh;" while counsel for the appellees contend that the facts were not agreed upon, and that there is no bill of exceptions in the record containing either an agreed statement of the facts, or the evidence.

The clerk of the Marion Circuit Court certifies to the filing of a bill of exceptions by the appellant, and sets out in the record such bill, which, after giving the title of the cause, reads as follows:

## "BILL OF EXCEPTIONS.

### "Agreement as to Evidence.

"The evidence in this cause consists of letters and telegrams, drafts and check, between the plaintiffs and defendant, and the endorsement of the payment of the check thereon, receipt from the railroad for the goods, and the sworn itemized statement of the plaintiff and their candler, showing the loss to the plaintiff for which this action is brought.

"It is therefore agreed, by and between the plaintiff and defendant herein, that said letters, telegrams, drafts, bank check, receipt and endorsement of the payment of the check thereon, and the sworn itemized statements showing lost and rotten eggs, shall be treated and considered as the evidence herein; and that the plaintiff's witnesses would testify to the several matters and claims as set forth in the said letters and telegrams written by the plaintiff to the defendant; the sworn itemized statement of spoiled eggs, the issuance of the bank check for $413.40, in payment of the defendant, drawn in favor of Schnull & Co.; that its payment was stopped on account of the

·eggs losing so in candling; and that the defendants' witnesses would testify to the several matters and claims as set forth in said letters and telegrams written by the defendant to the plaintiff, and that he, the defendant, filled the plaintiff's orders in every particular, and delivered the eggs to the railroad company in good condition, and promptly, in exact accordance with the contract.

"Josh. E. Florea,

"Attorney for plaintiffs.

"Griffiths & Potts,

"Attorneys for defendant."

And following this agreement are copies of numerous letters and telegrams, a draft, bank check and receipt from the railroad company, then follows this statement: "For itemized bill of particulars herein, see complaint."

Then follows copies of more letters, following which is the statement: "And this was all the evidence given in the case." Then follows the concluding part of the bill in these words: "And thereupon the court having heard the evidence, and being duly advised in the premises, found for the plaintiff for the sum of $163.60, as heretofore set out in the record. Whereupon the defendant moves the court for a new trial, as heretofore set out in the record, and the same was overruled. The judgment heretofore set out in the record was rendered, and the defendant excepted, and prayed an appeal to the Appellate Court, which was granted on the terms set out in the record, and fifty days' time was given to prepare and file a bill of exceptions. And said defendant now here, within the time, tenders this bill of exceptions, and prays that the same may be signed and sealed and made a part of the record, which is done this 8th day of January, 1892."

To this is appended the signature of the judge of the Marion Circuit Court. So far as the bill of exceptions itself is concerned there is nothing in it indicating that

the letters, telegrams, etc., copied into the bill, were ever introduced in evidence unless the agreement above set out, and which precedes such letters and telegrams, is to be considered as sufficient for that purpose. There is no recital of any kind in the bill that they were either offered or introduced in evidence.

It is settled that a bill of exceptions purporting to contain the evidence introduced on the trial of the cause must contain the certification of the judge that it contains all the evidence given on the trial, and even where the judge has so certified, yet if it appears from the bill itself that it does not, in fact, contain all the evidence, this court will not reverse the judgment on any question arising on the evidence. *Eichel* v. *Bower,* 2 Ind. App. 84; *Collins* v. *Collins,* 100 Ind. 266; *Lyon* v. *Davis,* 111 Ind. 384; *Lawrenceburgh Furniture Mfg. Co.* v. *Hinke,* 119 Ind. 47, and cases cited.

In this case the bill of exceptions shows, on its face, that it does not contain all the evidence, and refers to another part of the record for the omitted evidence.

All the evidence not being in the record, there is no question presented for which the judgment can be reversed.

Judgment affirmed.

Filed May 12, 1893.