Rhea *et al. v.* Crunk.

No. 1,388.

RHEA ET AL. *v.* CRUNK.

EVIDENCE.—*Motion to Strike Out.—When Will be Entertained, when not.* —Motions to strike out evidence are not regarded with favor unless they be promptly made; nor will they, ordinarily, be entertained unless the moving party objected to the admission of the evidence when the inquiry indicated the nature of the response.

SAME.—*General Objections.*—General objections to the admission of evidence can avail nothing.

BILL OF EXCEPTIONS.—*Certificate that the Evidence is all in the Bill, When not Conclusive.*—The general statement that all the evidence given in the cause is in the bill of exceptions will not control where it affirmatively appears from the body of the bill itself that it does not embrace all the evidence given in the cause.

APPELLATE COURT PRACTICE.—*Evidence not all in Record.—Question Depending on Evidence.—When Will be Decided, When Not.*—Where the evidence is not all in the record, the court will not decide any question which depends for its proper decision on the evidence, unless the question for decision does not depend on the entire evidence, and the question for decision is fairly presented by the evidence in the record.

SALE.—*Damages for Breach of Contract.—Vendor's Title.*—In an action for a breach of a contract for sale of merchandise, by the vendor, the question of title in the vendor is only an incidental matter and does not control where it clearly appears that the vendor was willing and able to deliver the merchandise.

From the Vanderburg Circuit Court.

*F. P. Leonard* and *J. E. Williamson*, for appellants.
*G. V. Menzies*, for appellee.

LOTZ, J.—This action was brought by the appellee against the appellants to recover damages for the breach of a contract for the sale of corn.

The complaint was in three paragraphs, each declaring upon the same contract.

The answer was in three paragraphs, and the reply was a general denial. The issues of fact were tried by a jury, which returned a general verdict for appellee.

The only questions presented for our consideration on this appeal arise from the overruling of the motion for a new trial.

There were two bills of exception filed during the proceedings in the court below. The first bill relates to the action of the court in overruling a motion to strike out the evidence of a certain witness. It seems, from the recitals in this bill, that the witness testified on one day, and that the motion to strike out his testimony was made on the next day. This ruling was assigned as a cause for a new trial.

Motions to strike out evidence are not regarded with favor, unless they be promptly made. Nor will they, ordinarily, be entertained unless the moving party objected to the admission of the evidence when the inquiry indicated the nature of the response. *Chicago, etc., R. R. Co.* v. *Champion*, 9 Ind. App. 510; *Cleveland, etc., R. W. Co.* v. *Wynant*, 134 Ind. 681

This bill of exceptions does not set out the evidence sought to be stricken out. Nor does it appear that the appellants objected to the introduction of the testimony of this witness. There was no error in overruling the motion to strike out under these circumstances.

Various other causes for a new trial were assigned.

It is insisted that the verdict was not supported by sufficient evidence; that it is contrary to the law; that the amount of the recovery is excessive, and that the court erred in refusing to give appellants' instructions requiring the jury to return a verdict in their favor.

To determine these questions, it is necessary to consider the evidence. The appellee insists that all the evidence is not in the record. The certificate of the judge who presided at the trial and signed the bill of exceptions does not say whether or not it contains all the evidence given in the cause. But at the conclusion of the type written manuscript prepared by the shorthand reporter is this general statement, "this was all the evidence given in said cause." If a bill of exceptions be presented to the judge and he approves and signs it he thereby adopts and certifies every material statement which precedes his signature. *McCormick, etc., Co. v. Gray,* 114 Ind. 340.

In the body of the bill, however, it appears that a witness, William Hall, had testified concerning the weight of the corn and to the fact that he kept a memorandum of the weights on his book. Immediately following, the bill discloses that the defendants said, "We will take your statement as being correct." The bill then contains this further recital: "Plaintiff then introduces Hall's book of weights in evidence." This book or memorandum does not appear anywhere in the bill.

The appellee contends that, notwithstanding the general statement contained in the bill, it affirmatively appears that all the evidence given in the cause is not in the record.

It has been uniformly held by the appellate courts of this State that the general statement will not control where it affirmatively appears from the body of the bill itself that it does not embrace all the evidence given in the

cause. If the evidence omitted be much or little, this court will not consider and decide any question which depends for its proper decision on the evidence. *Eichel* v. *Bower*, 2 Ind. App. 84; *Gish* v. *Gish*, 7 Ind. App. 104.

But this rule does not prevail if the question for decision does not depend on the entire evidence. In other words, if the question for decision is fairly presented by the evidence in the record, then it is the duty of the court to decide it. *American Fire Ins. Co.* v. *Sisk*, 9 Ind. App. 305.

The appellant insists that the conceded or undisputed facts contained in the bill show that the appellee was not the sole owner of the corn, and that, therefore, he was not the real party in interest. This controversy did not arise out of or concerning the title to the corn. It arises out of a breach of contract for the sale of corn. The title to the corn was only an incidental matter, and it clearly appears that the plaintiff was willing and able to deliver the corn.

Several other causes for a new trial predicated upon the rulings of the court in admitting evidence over the objection of the appellants were embraced in the motion. No specific grounds of objection were made to any of this evidence. The objections were all general. There was no error in overruling them.

Another cause for a new trial was based upon the refusal of the court to give a certain instruction asked by the appellants. This instruction was only proper in case there was no conflict in the evidence bearing upon the facts embodied in it. Even if it be conceded that the evidence was all in the record, there was a conflict concerning these facts. As there was a conflict, there was no error in refusing it.

We find no reversible error in the record.

Judgment affirmed.

Filed Feb. 23, 1895.