## CITY OF HUNTINGTON v. BOYD.

[No. 3,114. ·Filed June 29, 1900.]

PLEADING. — *Complaint.* — *Action Against City by Patrolman for Salary.*—In an action against a city for salary due plaintiff as patrolman, the complaint alleged the appointment of plaintiff to the office of patrolman by the board of metropolitan police commissioners of such city "then and there duly appointed, organized, and acting as such under and in pursuance of the laws providing for such board." *Held,* that there was sufficient averment that the board was legally constituted to withstand a demurrer. *pp. 250, 251.*

APPEAL. — *Sustaining Demurrer to Argumentative Denial.* — *When Harmless Error.*—It is not reversible error to sustain a demurrer to a paragraph of answer which is merely an argumentative denial, a general denial having been pleaded. *p. 251.*

SAME.—*Bill of Exceptions.*—*When Not in Record.*—A bill of exceptions does not become a part of the record unless it is presented to the trial judge within the time given. *pp. 251, 252.*

From the Huntington. Circuit Court. *Affirmed.*

*J. F. France* and *Z. T. Dungan,* for appellant.
*M. L. Spencer* and *J. S. Branyan,* for appellee.

ROBINSON, C. J.—Appellee's complaint avers that on July 1, 1897, he was appointed to the office of patrolman for appellant by the board of metropolitan police commissioners of appellant, "then and there duly appointed, organized, and acting as such under and in pursuance of the laws providing for such board," at a salary of $550 per year ; that he entered upon such employment and discharged the duties thereof for six months and six days when with the consent of his superiors he retired from the service ; that the service was accepted by appellant as rendered, was of the value of the salary fixed, and that such salary to the amount of $285 is due and unpaid.

The first and second assignments of error question the sufficiency of the complaint. It is argued that there is no averment that the board was a legally constituted one but

City of Huntington v. Boyd.

that it is only averred that the board was acting as such. But the averment is that appellee became such officer through appointment by a board then and there duly appointed, organized and acting as such pursuant to the laws providing for such board. The demurrer admits that the board appointing appellee was duly appointed and organized. Much of appellant's argument upon the complaint is directed to a question not presented by a demurrer for want of facts, but could be raised only by answer. If it be the fact that there was no such office to fill, and that therefore appellee was not such officer, this could be raised by answer, and not by demurrer or an assignment of error that the complaint does not state sufficient facts. The demurrer to the complaint was properly overruled. See *Reubelt* v. *School Town, etc.*, 106 Ind. 478; *School Town, etc.*, v. *Powner*, 126 Ind. 528; Acts 1897, p. 90.

Appellant answered in four paragraphs. The first was the general denial. A demurrer was sustained to the second paragraph, and this ruling is assigned as error. But this paragraph does not confess and avoid the complaint. Its allegations are to the effect that appellee was never appointed an officer of appellant; that he was at no time such officer; that appellant never agreed to pay him for any services, and notified him when he began the services that appellant would not be responsible for his pay and that he never performed such services. This paragraph is no more than a special or argumentative denial of the complaint, and having been pleaded with the general denial, under which the facts pleaded were provable, there was no reversible error in sustaining the demurrer to it. *Henderson* v. *Henderson*, 110 Ind. 316; *Nixon* v. *Beard*, 111 Ind. 137; *Mason* v. *Mason*, 102 Ind. 38.

The remaining error assigned is overruling appellant's motion for a new trial. Whether the questions argued under this assignment can be considered depends upon whether the evidence is properly in the record. Counsel for appellee

insist that it is not. The motion for a new trial was overruled and judgment rendered October 17th, and sixty days' time given to present a bill of exceptions. The bill containing the evidence was presented to the judge, signed and filed December 17th. As this was not within the time given, the evidence is not in the record. *Rigler* v. *Rigler,* 120 Ind. 431; *McCoy* v. *State,* 121 Ind. 160; *City of Plymouth* v. *Fields,* 125 Ind. 323.

Judgment affirmed.