## Fisher *v.* Southern Railway Company et al.

[No. 8,254. Filed March 10, 1914.]

1. New Trial.—*Supplemental Motion.—Time for Filing.*—At any time during the term at which a verdict or decision was rendered, a party may be permitted, on proper showing, to file a supplemental motion for new trial, or additional causes, which by due diligence he did not discover until after filing the original motion. p. 602.

2. New Trial.—*Supplemental Motion.—Time for Filing.*—Under §1, Acts 1911 p. 604, which provided that a motion for a new trial

could be made on or before the second Monday of the next term of court where the verdict or decision was rendered during the last ten days of the preceding term, a party against whom a verdict had been rendered less than ten days before the close of a term, and who on the same day filed a motion for new trial, was entitled to file a supplemental motion on the first judicial day of the succeeding term for a cause discovered after the trial term and not stated in his original motion.   pp. 602, 603.

3.   NEW TRIAL.—*Cause Discovered After Term.—Statutes.*—Section 589 Burns 1908, §563 R. S. 1881, providing that application for a new trial may be made by complaint not later than the second term after discovery of the cause therefor, nor more than one year after the final judgment was rendered, was intended to apply only to cases where the causes were discovered after the trial term and beyond the time allowed for the filing of a motion for new trial.   p. 603.

4.   NEW TRIAL.—*Motion.—Additional Causes.—Withdrawal of Motion.*—An applicant for a new trial may withdraw his motion and file a new motion containing additional causes within the time allowed for filing the original motion.   p. 603.

5.   NEW TRIAL.—*Motion.—Effect of Supplemental Motion.*—Where the original motion for a new trial is pending, a supplemental motion filed within the time allowed for filing the original motion becomes a part of such original motion.   p. 603.

6.   APPEAL.—*Assignment of Errors.—Ruling on Supplemental Motion for New Trial.*—Where a supplemental motion for new trial was filed while the original motion was pending and within the time allowed for filing the original motion, an assignment of error based on the supplemental motion was not available, since, the two motions being in effect one only, the assignment should have been based on the original motion.   p. 604.

From Dubois Circuit Court; *John L. Bretz,* Judge.

Action by Francis M. Fisher against the Southern Railway Company and another.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*Leo H. Fisher,* for appellant.

*Alex P. Humphrey, Edward P. Humphrey, John D. Welman, Thomas Duncan* and *Richard M. Milburn,* for appellees.

FELT, J.—Suit for damages by appellant against appellees for an alleged obstruction of a small stream by failing to

provide a sufficient outlet through the right of way of said appellees and for obstructing the channel of said stream by rocks, rubbish and other material thrown therein and thereby causing water to back upon and over appellant's land. The issue was formed by a general denial to the complaint and the case was tried by a struck jury which returned a verdict for appellees.

The verdict was returned on June 22, the same being the sixteenth judicial day of the June term, 1911, and on the same day judgment was rendered thereon by the court against appellant for costs. On June 27, being the twentieth judicial day of the term, appellant filed his motion for a new trial. On October 2, being the first judicial day of the October term, 1911, appellant, over the objections of appellees, filed a supplemental motion for a new trial, the substance of which is as follows: That after the adjournment of the court at the close of the term at which the verdict was returned, on July 2, 1911, for the first time, appellant discovered that one of the jurors who tried the case was incompetent because he had been and then was employed by appellees as a watch inspector; that neither appellant nor his attorney had any knowledge of that fact until July 2, 1911; that the juror failed to disclose the fact at the *voir dire* examination, and at the first opportunity, appellant "presents the foregoing and asks that the same be made supplementary and a part of his original motion for a new trial herein". On October 25, being the twenty-first judicial day of the October term, 1911, the court overruled appellant's motion for a new trial, and also his supplemental motion. The only error assigned is that the court erred in overruling the supplemental motion for a new trial.

The first question for this court is to determine whether by such assignment, any question is presented for decision. If no question is duly presented the presumption in favor of the action of the trial court compels the affirmance of the judgment. Our statute provides that "application [for a

new trial] may be made by complaint filed with the clerk * * * on which a summons shall issue" where causes for a new trial are discovered after the term at which the verdict or decision was rendered (§589 Burns 1908, §563 R. S. 1881), but the proceeding here is not under this provision of the statute. It has been held that during the term at which the verdict or decision was rendered, a party, on proper showing, may be permitted to file a supplemental motion, or additional motions for causes, which by due diligence he had not discovered until after the filing of the original motion. *White* v. *Perkins* (1861), 16 Ind. 358, 360; *Greenup* v. *Crooks* (1875), 50 Ind. 410, 416; *Dennis* v. *State* (1885), 103 Ind. 142, 147, 2 N. E. 349; *Baltimore, etc., R. Co.* v. *Ray* (1905), 36 Ind. App. 430, 433, 73 N. E. 942.

By §1, Acts 1911 p. 604, which was in force when this motion was filed, it is provided that a motion for a new trial may be made on or before the second Monday of the next term of court where the verdict or decision was rendered during the last ten days of the preceding term. The verified supplemental motion does not state that the verdict was returned within the last ten days of the June term, but if it does disclose that on July 2, and after the adjournment of said term, appellants discovered the alleged cause for a new trial set up in the supplemental motion. As the verdict was returned on June 22, it must have been within the last ten days of the regular June term. The term began on the first Monday of June and continued for four weeks which in 1911 would expire on the first day of July. Appellant's supplemental motion was filed on the first judicial day of the succeeding term and the question therefore arises whether on such a state of facts he might file a supplemental motion for a new trial for a cause discovered after the term and not stated in his original motion. Had appellant not filed any motion for a new trial at the June term and filed his original motion when he filed

his supplemental motion, under the statute then in force he would have been in time. As already shown, we have a statute which makes provisions for causes discovered after the term which states that "application may be made by complaint not later than the second term after the discovery" nor "more than one year after the final judgment was rendered." Therefore the question arises whether appellant had the right to supplement his original motion within the time allowed by the statute for filing such motion, by adding thereto a cause discovered after the term, but within the time allowed for the filing of a motion for a new trial. It is apparent that the statute authorizing the granting of a new trial on complaint was intended 3. to apply only to cases where the causes were discovered after the term and beyond the time allowed for the filing of the motion for a new trial and for causes which in the exercise of due diligence could not have been discovered in time to have been available as ground for the usual motion. Appellant could have withdrawn his 4. original motion and presented a new motion including the additional ground, and filed it on or before the second Monday of the October term. 14 Ency. Pl. and Pr. 948. We see no good reason why such additional cause should not be presented within the time allowed by 2. the statute for filing the motion. The original motion was still pending when the supplemental motion was filed and the prayer is that it be made a part of the original motion. On such facts there was but one motion for a new trial after the supplemental motion was 5. filed, for the office of a supplemental pleading is to supply something additional to the original of which it becomes a part. The authorities cited seem to sustain the proposition that where a motion for a new trial has been overruled at the term at which the verdict or decision was rendered, and thereafter, but within the same term or the time allowed for filing such motion, an additional cause for

a new trial was discovered and duly presented, the court would be required to make an independent ruling on such subsequent motion, and the same would not be treated as supplemental in character, but as an additional motion, which in the judicial discretion of the trial judge might be entertained and ruled on as an independent motion, on which error might be predicated. But such is not the case here, for the original motion was pending and undisposed of when the supplemental motion was filed and presented.

In such case, the supplemental motion became a part
6. of the original motion and to present any question to this court on the ruling on the motion for a new trial, error must have been assigned on the original motion. The assignment of errors is the complaint of appellant on appeal and it has been held that a supplemental complaint is not demurrable, because under our practice a demurrer will not lie to a part of a pleading, and a supplemental pleading is but a part of the original.   8 Words and Phrases, 6790; *State, ex rel.* v. *Board, etc.* (1908), 170 Ind. 133, 137, 83 N. E. 83, and cases cited; *Big Creek Stone Co.* v. *Seward* (1896), 144 Ind. 205, 209, 42 N. E. 464, 43 N. E. 5; *Farris* v. *Jones* (1887), 112 Ind. 498, 500, 14 N. E. 484; *Eckert* v. *Binkley* (1893), 134 Ind. 614, 619, 33 N. E. 619, 34 N. E. 441. We conclude therefore that on the facts of this case the assignment of errors based on the supplemental motion alone presents no question.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 521. See, also, under (1) 29 Cyc. 958; (3) 29 Cyc. 927; (6) 2 Cyc. 1000.