484    APPELLATE COURT OF INDIANA,

H. W. Johns-Manville Co. *v.* South Shore Mfg. Co.—70 Ind. App. 484.

## H. W. Johns-Manville Company *v.* South Shore Manufacturing Company et al.

[No. 9,907.   Filed June 17, 1919.]

1. New Trial.—*Supplemental Motion.—Time for Filing.*—The filing of a supplemental motion for a new trial more than thirty days after the decision of the court on the merits of the cause is unauthorized, and it is not error for the court to strike it out. p. 486.

2. Appeal.—*Questions Reviewable.—Judgment.—Inadequate Recovery.—Failure to Incorporate Evidence in the Record.*—As the determination of the question whether interest should have been included in the amount of recovery requires a consideration of the evidence, such question cannot be determined in the absence of the evidence from the record.   p. 487.

3. Evidence.—*Judicial Knowledge.—Expiration of Term of Court.*—The Appellate Court knows judicially that the October, 1916, term of the Lake Superior Court expired in November of that year.   p. 487.

4. Appeal.—*Record.—Bill of Exceptions.—Approval and Filing.*—Where the bill of exceptions containing the evidence was not filed during the term at which the motion for a new trial was overruled, nor within the time given beyond such term for that purpose, nor presented to the judge of the trial court for his approval within such time, the bill is not part of the record.   p. 487.

5. Appeal.—*Record.—Bill of Exceptions.—Sufficiency.—Failure to Include all the Evidence.—Scope of Review.*—Where a bill of exceptions purporting to contain all the evidence shows on its face that a contract not appearing in the bill was read in evidence, the court on appeal cannot determine a question requiring a consideration of the evidence.   p. 488.

6. Mechanics' Liens.—*Foreclosure.—Interest on Claims.—Burden of Proof.*—In an action to foreclose a mechanic's lien, if plaintiff believed it was entitled to recover interest on its claims, the duty rested upon it to establish that fact by the evidence, and to furnish proper data from which the amount thereof could be computed.   p. 489.

7. Appeal.—*Record.—Bill of Exceptions.—Sufficiency.—Failure to Incorporate all the Evidence.—Questions Reviewable.*—Where the bill of exceptions fails to disclose the contract out of which it is alleged that plaintiff's claim arose, or any fact from which the trial court could determine whether anything was due plaintiff as

interest, the court on appeal is unable to ascertain whether the contract provided for interest, and cannot determine the contention that the trial court erroneously failed to include interest in the amount of recovery. p. 489.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by the H. W. Johns-Manville Company against the South Shore Manufacturing Company and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Bomberger, Peters & Morthland* and *Vose & Page,* for appellant.

*Greenlee & Call* and *F. B. Pattee,* for appellees.

BATMAN, C. J.—This is an action by appellant against appellees to foreclose a mechanic's lien against land of the South Shore Manufacturing Company, and to require the remaining appellees to answer as to their respective interests in said land, which interests, if any, it is alleged are junior to said lien. Issues were joined by answers in general denial. A trial was had by the court, which resulted in a judgment in favor of appellant for $4,432.56, and an order on the receiver of the South Shore Manufacturing Company, who was a party defendant, to pay the same out of the proceeds in his hands for distribution as a general claim, under the order of the court. The foreclosure of the alleged mechanic's lien was denied. Appellant filed a motion for a new trial, and subsequently filed a supplemental motion therefor. Appellees filed a motion to strike out the supplemental motion for a new trial, which was sustained, and the court thereupon overruled the original motion for a new trial, to each of which rulings appellant excepted,

486        APPELLATE COURT OF INDIANA,

H. W. Johns-Manville Co. *v.* South Shore Mfg. Co.—70 Ind. App. 484.

and has assigned said rulings of the court as the errors on which it relies for reversal.

The record discloses that the decision of the trial court was rendered in this cause on December 29, 1915. On January 27, 1916, appellant filed its motion for a new trial, and subsequently on June 1, 1916, it filed a supplemental motion for a new trial on the ground of newly-discovered evidence, which it alleges could not have been discovered by the exercise of reasonable diligence in time to have introduced the same at the trial of the cause. As pertinent to the action of the court in striking out appellant's supplemental motion for a new trial, it should be noted that §587 Burns 1914, Acts 1913 p. 848, provides that an application for a new trial may be made at any time within thirty days from the time the verdict or decision is rendered, and not afterwards. It has been held that this section of the statute is mandatory, as to the time of filing a motion for a new trial. *Talbot* v. *Meyer* (1915), 183 Ind. 585, 109 N. E. 841; *Acme White Lead, etc., Works* v. *Indiana Wagon Co.* (1916), 61 Ind. App. 644, 112 N. E. 392. It has also been held that a supplemental motion for a new trial may be filed within the time provided by statute for filing an original motion for such purpose. *Fisher* v. *Southern R. Co.* (1914), 55 Ind. App. 599, 104 N. E. 521. But we have not been able to find any authority in this state for filing such a motion after the expiration of the time for filing an original motion for a new trial. However, a party who discovered a cause for a new trial, after the expiration of the time fixed for filing a motion therefor, is not without a remedy, as the legislature by §589 Burns 1914, §563 R. S. 1881, has provided for such a contingency.

In view of the language used in said §587, *supra,* the decisions cited, and the provision of said §589, *supra,* we are led to conclude that the filing of said supplemental motion for a new trial, more than thirty days after the decision of the court on the merits of the cause, was unauthorized, and the court did not err in striking it out.

The only question presented by the appellant involving the action of the court in overruling its motion for a new trial is based on a failure to include

2. in the amount of recovery any sum as interest on the claim sued on. A determination of this question would require a consideration of the evidence, which an examination discloses is not in the record. The transcript shows that appellant's motion for a new trial was overruled on November 8, 1916, the same being the twenty-seventh judicial day of the October, 1916, term of the Lake Superior Court, at which time it was given sixty days in which to file its bill of exceptions; that thereafter on January 8, 1917, it presented to the trial judge the typewritten manuscript which now appears with the transcript as a bill of exceptions containing the evidence; that said judge did not then approve the same, but took it under advisement, and later, on March 17, 1917, approved the same, and attached his certificate thereto evidencing such fact; and that thereafter on May 16, 1917, such completed bill was filed in the office of the clerk of the Lake Superior Court. We

3. know judicially that the October, 1916, term of the Lake Superior Court expired in November of that year. It thus appears that the bill

4. of exceptions containing the evidence was not filed during the term at which the motion for a

new trial was overruled, nor within the time given beyond such term for that purpose, nor was it presented to the judge of the trial court for his approval within such time. Under these circumstances, such bill of exceptions cannot be considered a part of the record. *Cornell* v. *Hallett* (1895), 140 Ind. 634, 40 N. E. 132; *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 65 N. E. 918, 66 N. E. 742; *City of Huntington* v. *Boyd* (1900), 25 Ind. App. 250, 57 N. E. 939; *Brown* v. *American Steel, etc., Co.* (1909), 43 Ind. App. 560, 88 N. E. 80; *Haehnel* v. *Seidentopf* (1916), 63 Ind. App. 218, 114 N. E. 422; *Huntingburg Bank* v. *Morgenroth* (1917), 64 Ind. App. 315, 115 N. E. 798; *Beard* v. *Fenton* (1918), 67 Ind. App. 605, 119 N. E. 495.

There is still another reason why such bill of exceptions cannot be considered in determining the question, which appellant asserts renders the action 5. of the court in overruling its motion for a new trial error. The bill of exceptions, while purporting to contain all the evidence given on the trial of the cause, shows on its face that a certain paper, designated as a "contract," and marked "Exhibit No. 3" for identification, was admitted and read in evidence, but said exhibit does not appear in such bill of exceptions. This fact would prevent a consideration of the question which appellant seeks to present. *Ward* v. *Bateman* (1870), 34 Ind. 110; *Weaver* v. *Kennedy* (1895), 142 Ind. 440, 41 N. E. 810; *Jordan* v. *Muth* (1892), 6 Ind. App. 655, 34 N. E. 29; *Collins* v. *Collins* (1885), 100 Ind. 266; *Rhea* v. *Crunk* (1894), 12 Ind. App. 23, 39 N. E. 879; *Eichel* v. *Bower* (1891), 2 Ind. App. 84, 28 N. E. 192. But if the alleged bill of exceptions accompanying the transcript had been duly

MAY TERM, 1919. 489

H. W. Johns-Manville Co. *v.* South Shore Mfg. Co.—70 Ind. App. 484.

presented, approved and filed, so that it could be considered as a part of the record, and nothing appeared on its face to disclose that it did not contain all the evidence, still we could not sustain appellant's contention relating to its right to have the court include a sum for interest in the amount of its recovery.

6. If appellant believed it was entitled to recover interest, the duty rested upon it to establish such fact by the evidence, and to furnish proper data from which the amount thereof could be computed, as the court was not permitted to speculate in that regard. *Green* v. *Macy* (1905), 36 Ind. App. 560, 76 N. E. 264; *Connersville Wagon Co.* v. *McFarlan Carriage Co.* (1906), 166 Ind. 123, 76 N. E. 294, 3 L. R. A. (N. S.) 709; *Williams* v. *Pittsburgh, etc., R. Co.* (1918), 68 Ind. App. 93, 120 N. E. 46; *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595, 122 N. E. 436.

An examination of the alleged bill of exceptions fails to disclose the contract out of which it is alleged appellant's claim arose, hence we are unable to

7. ascertain whether such contract provided for interest, and, if so, when, by its terms, it should begin to run, and the rate thereof. It does not contain any evidence of demand for, or vexatious delay in payment, or of any other fact from which the trial court could determine whether anything was due appellant as interest, and, if so, the amount thereof. For the reasons stated, appellant has failed to show any error in overruling its motion for a new trial.

We find no error in the record. Judgment affirmed.